*In re* LIQUIDATION OF PRESTIGE CASUALTY COMPANY

First District (4th Division) No. 1—94—2629

Opinion filed November 30, 1995.

Grace Elizabeth Wein, of Wein & Associates, P.C., of Chicago, for appellant.

John B. Simon, Larry M. Wolfson, and Kristina M. Entner, all of Jenner & Block, of Chicago (Peter G. Gallanis and Paige D. Waters, of counsel), for appellee.

Thomas W. Jenkins, Timothy M. Maggio, and Elizabeth Hoskins Dow, all of Lord, Bissell & Brook, of Chicago, for *amicus curiae.*

JUSTICE CAHILL delivered the opinion of the court:

The law firm of Wein & Associates P.C. (Wein) represented insureds of Prestige Casualty Company (Prestige), a domestic insurance company. A court found Prestige insolvent under article XIII of the Illinois Insurance Code (Code) on July 26, 1994, and entered an order of liquidation. 215 ILCS 5/187 (West 1992).

Wein was counsel of record on over 1,600 lawsuits pending against Prestige at the time of the liquidation. The order of liquidation directed Prestige's officers and agents to give immediate possession and control to the liquidator of all property of Prestige. The liquidator served a copy of the July 26 order on Wein on July 28, 1994. At a meeting the same day Wein refused to turn over the files in its possession and asserted a retaining lien over the files as security for fees owed to Wein by Prestige.

The next day, July 29, the liquidator filed an emergency petition to post security and for turnover of estate files and records. After a hearing held the same day, the trial court ordered the files turned over to the liquidator and ordered the liquidator to deposit $289,251.01 in a segregated account as substitute security for Wein's fees. Wein did not seek a stay of the turnover order, but complied with it and filed this appeal.

Wein raised the following issues on appeal: the trial court's order was a violation of due process; the trial court erred when it ordered the turnover of files without first allowing Wein to withdraw as the attorney of record; the transfer of legal files under the Code to a nonlawyer was improper; the 120-day stay provision of pending actions when a liquidator is appointed does not alleviate Wein's ethical obligations to the insureds under Prestige's polices; and the failure to grant a hearing to adjudicate the amount of fees outstanding on the files was error.

Wein's due process argument rests on an assertion that there was no opportunity to file a written response to the motion to turn over assets and that a hearing was held within an hour of Wein's receiving notice of it. However, the record reveals that Wein was given an opportunity to be heard, argued its case, and was denied relief. Wein concedes in its brief that due process is a flexible concept that requires some type of hearing and an opportunity to be heard. (*Armstrong v. Manzo* (1965), 380 U.S. 545, 552, 14 L. Ed. 2d 62, 66, 85 S. Ct 1187, 1191; *Golbeck v. City of Chicago* (N.D. Ill. 1992), 782 F. Supp. 381.) Nor does Wein quarrel with the statutory framework of a liquidation proceeding.

■ The intention of the liquidation provisions under article XIII of the Code is to insure a ratable distribution of an insolvent insur-

ance company's assets. (*People ex rel. Jones v. Chicago Lloyds* (1945), 391 Ill. 492, 63 N.E.2d 479.) The Code details the Director's authority when acting as a liquidator for an insolvent insurance company: "The Director \*\*\* shall be vested *by operation of law* with the title to all property, contracts and rights of action of the company as of the date of the order directing \*\*\* liquidation." (Emphasis added.) (215 ILCS 5/191 (West 1992).) The Code requires that

> "the circuit court \*\*\* enter forthwith *without a hearing* an order directing the director to take possession and control of the property, business, books, records, and accounts of the company \*\*\* and enjoining the company and its officers, directors, agents, servants, and employees from disposition of its property and from transaction of its business except with the concurrence of the Director until further order of the court.
>
> \* \* \*
>
> Any person having possession of and refusing to deliver any of the property, business, books, records or accounts of a company against which a seizure order has been issued shall be guilty of a Class A misdemeanor." (Emphasis added.) 215 ILCS 5/188.1(b)(6) (West 1992).

■ Due process is served when there is an "opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case." (*Durkin v. Hey* (1941), 376 Ill. 292, 300, 33 N.E.2d 463.) Here, a hearing is not required before an order directing possession of the company's assets is entered. See 215 ILCS 5/188.1 (West 1992).

Nevertheless, the record reveals that Wein was given an opportunity to be heard and defend the right to retain possession of Prestige's files. The court found that once the Director posted substantial security for the unpaid fees on the files, the attorney no longer had a right to retain Prestige's files. (See *In re Liquidation of Mile Square Health Plan of Illinois* (1991), 218 Ill. App. 3d 674, 578 N.E.2d 1075.) We believe due process was afforded.

■ Wein next argues that the court's order was improper because it required a turnover of files before Wein withdrew as attorney of record, required it to turn over legal files to a nonlawyer, and failed to "alleviate" the ethical obligations of Wein as the attorney of record.

These arguments ignore the obvious safeguards in the statutory scheme for dealing with insolvent insurance companies. Under the Code, all proceedings involving an insolvent insurer are stayed 120 days when an order of liquidation is entered. (215 ILCS 5/551 (West 1992).) The liquidator is then required to grant the Illinois Insurance Guarantee Fund access to the insolvent insurer's files. (215 ILCS

5/537.3 (West 1992).) The Fund is then empowered to appoint or approve legal counsel and to direct the defense of claims under the policies written by the insolvent insurer. (215 ILCS 5/537.7 (West 1992).) The Fund is also empowered to apply to vacate any default judgment entered during the 120-day stay. (215 ILCS 5/551 (West 1992).) Wein cites to no case, nor are we aware of one, where a lawyer was disciplined or otherwise prejudiced for complying with a court order directing that files in his possession be turned over to the liquidator of an insolvent insurer.

■ Finally, Wein argues and relies on *Upgrade Corp. v. Michigan Carton Co.* (1980), 87 Ill. App. 3d 662, 410 N.E.2d 459, for the contention that the trial court erred when it ordered Wein to turn over the legal files before holding a hearing to determine the liquidated sum owed to the law firm. *Upgrade* did not involve an order of production arising out of the liquidation of an insurance company. Here, litigation of the amount actually due to the attorney could frustrate the purpose of the Code to promptly ascertain the assets of an insolvent company and distribute the proceeds accordingly. We find that the court did not abuse its discretion in requiring that Wein turn over Prestige's legal files once adequate security had been posted. *Mile Square*, 218 Ill. App. 3d at 676.

Affirmed.

THEIS and S. O'BRIEN, JJ., concur.