SIDNEY GINES, Plaintiff-Appellant, v. KEVIN IVY, Defendant-Appellee.

Fifth District    No. 5—04—0368

Opinion filed June 30, 2005.

608

David M. Duree, of David M. Duree & Associates, P.C., of O'Fallon, for appellant.

Joseph T. Madrid, of Shelton & Madrid, L.L.C., of St. Louis, Missouri, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

On April 17, 1998, the plaintiff, Sidney Gines, filed a complaint against the defendant, Kevin Ivy, for injuries he sustained in a single automobile accident in which Gines was a passenger in the vehicle Ivy was driving. At the time of the accident, Ivy was covered by an automobile insurance policy issued to the owner of the car by Gallant Insurance Company (Gallant); the policy had a liability limit of $20,000 per person. During the pendency of the lawsuit, however, the circuit court of Cook County issued an order of liquidation that declared Gallant insolvent. After the insolvency order was entered, the attorneys hired by Gallant to represent Ivy were allowed to withdraw from the case. Ivy did not retain new counsel, and the case proceeded to a trial. Ivy failed to appear, and the case was tried before the bench. On

November 15, 2002, the trial court entered a judgment in favor of Gines and against Ivy in the amount of $200,000 plus court costs of $2,698.30. More than a year later, the Illinois Insurance Guaranty Fund appointed Ivy's former attorneys to represent the defendant again. At that time, Ivy moved to vacate the $202,698.30 judgment. After hearing argument on the issue, the trial court granted the motion and vacated the judgment on June 4, 2004. Gines now appeals the trial court's June 4, 2004, order, arguing that the trial court erred in vacating the November 15, 2002, judgment. We affirm.

An analysis of this case necessitates a review of the purpose of and the rules associated with the Illinois Insurance Guaranty Fund. Every state has established an insurance guaranty fund to protect policyholders in the event that an insurance company becomes insolvent. *Hasemann v. White*, 177 Ill. 2d 414, 417, 686 N.E.2d 571, 572 (1997). In Illinois, the Illinois Insurance Guaranty Fund (the Fund) was created as a not-for-profit association designed to limit the losses arising out of insurer insolvencies. *Pierre v. Davis*, 165 Ill. App. 3d 759, 760, 520 N.E.2d 743, 744 (1987). All insurance companies authorized to transact business in Illinois are members of and contribute to the Fund. *Hasemann*, 177 Ill. 2d at 417, 686 N.E.2d at 572.

■ "The statutory purpose [of the Fund] is to place claimants in the same position that they would have been in if the liability insurer had not become insolvent." *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill. App. 3d 237, 239, 367 N.E.2d 469, 471 (1977). The Fund is not a collateral or independent source of recovery; rather, it is a substitution when the expected coverage ceases to exist. *Lucas*, 52 Ill. App. 3d at 240, 367 N.E.2d at 471.

Under the Illinois Insurance Guaranty Fund Act, all proceedings involving an insolvent insurer are stayed for 120 days after an order of liquidation is entered. 215 ILCS 5/551 (West 2002); *In re Liquidation of Prestige Casualty Co.*, 276 Ill. App. 3d 698, 701, 659 N.E.2d 50, 51 (1995). Furthermore, "[t]he Fund shall not be bound by a settlement, release, compromise, waiver, or final judgment executed or entered within 12 months prior to an order of liquidation." (Emphasis added.) 215 ILCS 5/537.7(b) (West 2002); *In re Liquidation of Prestige Casualty Co.*, 276 Ill. App. 3d at 702, 659 N.E.2d at 52.

In making his argument that the trial court erred in vacating the November 15, 2002, judgment, Gines presents five points on appeal. In three of the points, Gines alleges that neither the Illinois Insurance Guaranty Fund Act nor the general rules of civil procedure required the trial court to vacate the judgment. In the last two points, Gines argues that Ivy lacked standing to move the trial court to vacate the judgment. We address the vacation of the judgment first. Since it is a

matter of law, we review the trial court's decision *de novo*. See *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379, 827 N.E.2d 422, 427 (2005).

In this case, the trial court did not indicate (and was not required to indicate) on what authority the judgment was being set aside. As Gines points out, there are three statutes that provide trial courts the authority to vacate a judgment against an insured when an insurance carrier is declared insolvent. The first two are found within the Illinois Insurance Guaranty Fund Act, and the third is found within the general rules regarding civil procedure in Illinois. We find the Illinois Insurance Guaranty Fund Act dispositive of the issue.

As stated above, the Illinois Insurance Guaranty Fund Act provides as follows:

> "All proceedings arising out of a claim under a policy of insurance written by an insolvent company *shall be stayed for 120 days from the date of the entry of the Order of Liquidation* to permit proper defense by the Fund of all such pending causes of action." (Emphasis added.) 215 ILCS 5/551 (West 2002).

The Illinois Insurance Guaranty Fund Act also provides as follows:

> "*The Fund shall not be bound by a settlement, release, compromise, waiver, or final judgment executed or entered within 12 months prior to an order of liquidation* and shall have the right to assert all defenses available to the Fund including, but not limited to, defenses applicable to determining and enforcing its statutory rights and obligations to any claim. The Fund shall be bound by a settlement, release, compromise, waiver, or final judgment executed or entered more than 12 months prior to an order of liquidation, however, if the claim is a covered claim and the settlement or judgment was not a result of fraud, collusion, default, or failure to defend." (Emphasis added.) 215 ILCS 5/537.7(b) (West 2002).

■ In this case, the order of liquidation was entered by the circuit court of Cook County on August 9, 2002. The order was entered with a 14-day stay, which expired on August 23, 2002. Gallant appealed the order, and the appeal was dismissed on March 27, 2003. Gines argues that because the order of liquidation was appealed, it did not become effective until Gallant's appeal was dismissed on March 27, 2003, and the order became "final." Thus, Gines argues that the 120-day stay provided by section 551 of the Illinois Insurance Guaranty Fund Act (215 ILCS 5/551 (West 2002)) did not begin to run until March 27, 2003. Thus, Gines argues that the November 15, 2002, judgment was not barred by the Illinois Insurance Guaranty Fund Act. We disagree.

Regardless of the date the order of liquidation officially became effective and final, the trial court was required to set aside the November

15, 2002, judgment under the Illinois Insurance Guaranty Fund Act. First, if the order of liquidation was effective as of August 9 or August 23, 2002, the November 15, 2002, judgment was barred by the 120-day stay provided by section 551 of the Illinois Insurance Guaranty Fund Act. And even if the order of liquidation was found not to be effective until the appeal was dismissed on March 27, 2003, the trial court nevertheless was required to set aside the November 15, 2002, judgment under section 537.7(b) of the Illinois Insurance Guaranty Fund Act (215 ILCS 5/537.7(b) (West 2002)), which requires that all judgments entered within 12 months prior to the order of liquidation be vacated. Therefore, the trial court did not err in vacating the November 15, 2002, judgment against Ivy in the amount of $202,698.30.

■ Gines next argues that Ivy lacked standing to argue that the judgment should be vacated under any provision of the Illinois Insurance Guaranty Fund Act since only the Fund may apply to vacate a prior judgment. After reviewing the issue *de novo* (see *Kankakee County Board of Review v. Property Tax Appeal Board*, 316 Ill. App. 3d 148, 151, 735 N.E.2d 1011, 1014 (2000)), we disagree.

The Illinois Insurance Guaranty Fund Act provides as follows:

"[W]ith respect to covered claims arising from a judgment under a decision, verdict, or finding based on the default of the insolvent insurer or its failure to defend, *upon application by the Fund, either on its own behalf or on behalf of an insured*, the court shall set aside the judgment, order, decision, verdict, or finding, and the Fund shall be permitted to defend against the claim on the merits." (Emphasis added.) 215 ILCS 5/537.7(b) (West 2002).

When this case was filed, Ivy was provided legal representation by Gallant. When Gallant became insolvent, the trial court allowed Ivy's attorneys to withdraw from the case. Since he was unrepresented at the time the case went to trial, Ivy chose not to appear, and a judgment was entered against him. When the Fund was allowed to rehire attorneys to represent Ivy, however, those attorneys moved, *on Ivy's behalf*, to vacate the judgment. Given that the Fund is not a party in most of the claims that it becomes responsible for after the insolvency of the original insurer, this is the exact situation section 537.7(b) contemplates. Thus, we find that Ivy had standing to move the trial court to vacate the November 15, 2002, judgment.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.