Docket No. 101477.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAKE
VINCENT, Appellant.

*Opinion filed June 7, 2007.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Fitzgerald, Garman, Karmeier,
and Burke concurred in the judgment and opinion.

Justice Kilbride dissented, with opinion.

## OPINION

Jake Vincent unsuccessfully petitioned for postjudgment relief
pursuant to section 2–1401 of the Code of Civil Procedure (735 ILCS
5/2–1401 (West 2002)) in the circuit court of Cook County. The
appellate court affirmed. No. 1–04–1802 (unpublished order under
Supreme Court Rule 23). We granted leave to appeal (210 Ill. 2d R.
315) and affirm the judgment of the appellate court.

### Background

Vincent was convicted in a bench trial of five counts each of
attempted murder, armed violence, aggravated battery with a firearm,
and aggravated battery. The circuit court sentenced him to five

consecutive 20-year prison terms. The appellate court affirmed the convictions and sentences on direct appeal. *People v. Vincent*, No. 1–98–3942 (1999) (unpublished order under Supreme Court Rule 23). Vincent, having been denied relief under the Post-Conviction Hearing Act (725 ILCS 5/122–2 *et seq.* (West 2002); *People v. Vincent*, No. 1–02–0836 (2003) (unpublished order under Supreme Court Rule 23)), sought to challenge his sentences by way of the Code of Civil Procedure. To that end, he filed, on January 30, 2004, a *pro se* petition, which he titled "Collateral Attack Upon a Void Judgment Pursuant to ILCS 5/2–1401(f)." He alleged in this petition that the circuit court violated sections 5–8–4(a) and 5–8–4(c)(2) of the Unified Code of Corrections (730 ILCS 5/5–8–4(a), (c)(2) (West 1998)) in imposing sentence.

The State did not file any responsive pleading to the petition. The circuit court's disposition of the petition consists of three lines on a single page of the transcript: "Jake Vincent. He's saying that it's a void judgment, and he wants me to vacate his sentence of a hundred years, and that will be denied."

On appeal, the appellate court concluded that the circuit court had erred in "summarily dismissing" Vincent's petition because section 2–1401 does not provide for such a disposition. The court, however, considered this procedural error harmless because Vincent's claims were without merit.

Analysis

The question raised in this case is whether a trial court may dispose of a properly served section 2–1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling. Over the past several years, the appellate court has inconsistently answered the question of the *sua sponte* disposition of section 2–1401 petitions brought by those convicted of crimes. Some panels have approved the practice under the rationale that a *sua sponte* disposition is analogous to the summary dismissal procedure contained in the Post-Conviction Hearing Act. See, *e.g.*, *People v. Bramlett*, 347 Ill. App. 3d 468, 473 (2004). Others have approved the practice under the rationale that a *sua sponte* disposition is proper

under the inherent authority of a court to control its docket. See, *e.g.*, *People v. Ryburn*, 362 Ill. App. 3d 870, 876 (2005). Still others prohibit the practice entirely, reasoning that a petitioner must be given notice and the opportunity to respond (in the absence of any responsive pleading) before the trial court may rule. See, *e.g.*, *People v. Gaines*, 335 Ill. App. 3d 292, 296 (2002). Vincent relies on this last line of cases in arguing that the trial court's order in this case cannot stand, while the State cites to the first two lines of appellate decisions in support of upholding the trial court's order.

A common theme running through the appellate court's decisions is the court's use of the term "summary dismissal." The term is borrowed from the Post-Conviction Hearing Act. However, using this term to describe what the trial court did in cases such as this one overlooks two critical points: (i) the Post-Conviction Hearing Act, which provides collateral relief from criminal convictions, has no application whatsoever to section 2–1401, an entirely different form of statutory, collateral relief, and (ii) an action brought under section 2–1401 is a civil proceeding and, according to this court's long-standing precedent, is subject to the usual rules of civil practice, even when it is used to challenge a criminal conviction or sentence. In civil practice, there is no such thing as a "summary dismissal." The failure to recognize these points necessitates our reiteration of the appropriate trial-level practice and procedure required in section 2–1401 litigation and provides us the opportunity to address the standards of review that must follow on appeal. See D. Simko, *Updating the Standard of Review for Petitions to Vacate Final Judgments*, 86 Ill. B.J. 34 (1998) (criticizing use of the abuse of discretion standard of review and proposing other standards in light of precedent).

I

Section 2–1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days. 735 ILCS 5/2–1401 (West 2002). While the remedy in the statute does have its roots in common law equity, the General Assembly abolished the common law writ system and replaced it with the statutory postjudgment petition. 735 ILCS 5/2–1401(a) (West 2002). See also Ill. Ann. Stat., ch. 110, par. 2–1401, Historical & Practice Notes, at

604 (Smith-Hurd 1983). Section 2–1401 requires that the petition be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation of the original action. 735 ILCS 5/2–1401(b) (West 2002).[1] The statute further requires that the petition be supported by affidavit or other appropriate showing as to matters not of record. 735 ILCS 5/2–1401(b) (West 2002). The statute provides that petitions must be filed not later than two years after the entry of the order or judgment. 735 ILCS 5/2–1401(c) (West 2002). The statute further provides for an exception to the time limitation for legal disability and duress or if the ground for relief is fraudulently concealed. 735 ILCS 5/2–1401(c) (West 2002).[2] Relief under section 2–1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209 (1986). Finally, section 2–1401 is a civil remedy that extends to criminal cases as well as to civil cases. *People v. Sanchez*, 131 Ill. 2d 417, 420 (1989); *People v. Hinton*, 52 Ill. 2d 239 (1972).

This court has consistently held that proceedings under section 2–1401 are subject to the usual rules of civil practice. *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279 (1982) (and cases cited therein). Section 2–1401 petitions are essentially complaints inviting responsive pleadings. *Ostendorf*, 89 Ill. 2d at 279. The petition is subject to dismissal for want of legal or factual sufficiency. *Brockmeyer v. Duncan*, 18 Ill. 2d 502 (1960). Thus, the petition may be dismissed upon a challenge that, even taking as true its allegations,

---

[1] The statute provides that "[a]ll parties to the petition shall be notified as provide by rule." 735 ILCS 5/2–1401(b) (West 2002). Rule 106 governs the methods of notice to be used for petitions filed pursuant to section 2–1401. 134 Ill. 2d R. 106.

[2] However, where, as in this case, a petitioner seeks to vacate a final judgment as being void (735 ILCS 5/2–1401(f) (West 2002)), the allegations of voidness "substitute[ ] for and negate[ ] the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

it does not state a meritorious defense or diligence under section 2–1401 case law. "Like a complaint, the petition may be challenged by a motion to dismiss for its failure to state a cause of action or if, on its face, it shows that the petitioner is not entitled to relief." *Klein v. La Salle National Bank*, 155 Ill. 2d 201, 205 (1993), citing *Ostendorf*, 89 Ill. 2d at 279-80; *Brockmeyer*, 18 Ill. 2d at 505.

As with complaints generally, when the opposing party elects to forgo filing a motion attacking the sufficiency of the petition and answers on the merits, the respondent is deemed to have waived any question as to the petition's sufficiency, and the petition will be treated as properly stating a cause of action. *Windmon v. Banks*, 31 Ill. App. 3d 870, 873 (1975); *Carroll & Neiman, Inc. v. Silverman*, 28 Ill. App. 3d 289, 291 (1975); see *Smyth v. Fargo*, 307 Ill. 300, 305 (1923) (stating principle for complaints generally). On appeal, any claim of insufficiency will be deemed to have been defaulted. However, as in any civil action, if the facts alleged cannot state a legal basis for the relief requested, *i.e.*, the petition is insufficient as a matter of law, the pleading may be challenged at any time, even on appeal. *Wagner v. Kepler*, 411 Ill. 368, 371 (1951).

Similarly, if the respondent does not answer the petition, this constitutes an admission of all well-pleaded facts (*Robinson v. Commonwealth Edison Co*., 238 Ill. App. 3d 436, 442 (1992)), and the trial court may decide the case on the pleadings, affidavits, exhibits and supporting material before it, including the record of the prior proceedings. *Ostendorf*, 89 Ill. 2d at 286; *Klein*, 155 Ill. 2d at 205. This court has long held that summary judgment considerations apply to petitions that survive dismissal. *Ostendorf*, 89 Ill. 2d at 286; *Klein*, 155 Ill. 2d at 205. Where a material issue of fact exists, summary judgment is inappropriate and an evidentiary hearing–a trial in effect–is required in ruling on the petition. *Ostendorf*, 89 Ill. 2d at 286.

The foregoing discussion of our precedent leads to several conclusions. First, we expressly hold that responsive pleadings are no more required in section 2–1401 proceedings than they are in any other civil action. Therefore, we reject the notion that the trial court was prohibited from acting because of the lack of a responsive pleading from the State. Second, consistent with our case law, we recognize that several types of final dispositions are possible in section

-5-

2–1401 litigation. In fact, there are five: the trial judge may dismiss the petition; the trial judge may grant or deny the petition on the pleadings alone (summary judgment); or the trial judge may grant or deny relief after holding a hearing at which factual disputes are resolved. See M. Kaufman, *Illinois Civil Trial Practice*, in 9 Illinois Practice §40.2 (1996) (setting forth various dispositions available under the statute); 86 Ill. B.J. 34 (same).

In this case, the State's failure to answer the petition constituted an admission of all well-pleaded facts (see *Robinson*, 238 Ill. App. 3d at 442) and rendered Vincent's petition ripe for adjudication. The State's failure to answer made the issue for the court a question of whether the allegations in Vincent's petition entitled him to relief as a matter of law. See *Government Employees Insurance Co. v. Buford*, 338 Ill. App. 3d 448, 457 (2003) (noting that when a complaint fails to tender a triable issue of fact and is insufficient as a matter of law, judgment on the pleadings is appropriate); *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 932 (1997) (explaining that granting of judgment on the pleadings in favor of a defendant who has never filed an answer in the action is the "functional equivalent of dismissing the complaint for failure to state a cause of action against that defendant"). Case law has long recognized that a such a judgment, whether it be characterized as a judgment on the pleadings or a dismissal, can be entered by the court notwithstanding the absence of a responsive pleading. *Mitchell*, 291 Ill. App. 3d at 937-38, citing *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d 1024 (1984).


II

Vincent maintains that even if the State is not required to respond to a section 2–1401 petition, a "summary dismissal" like that entered in this case amounts to reversible error because such a dismissal is not recognized in section 2–1401 jurisprudence. In addition, he claims that the trial court cannot rule as it did without first affording him notice and the opportunity to respond.

We believe it is useful, at this point in our opinion, to address the use of the term "summary dismissal." In this case, the term was first used by the appellate court to describe the trial court's action. Vincent uses the term throughout his brief, as does the State. The term "summary dismissal" has no application to this case for several

different reasons. As an initial matter, the use of the term invites confusion because that term has a precise meaning under the Post-Conviction Hearing Act. Section 122–2.1(a)(2) of the Act specifically allows for the circuit court to dismiss, in noncapital cases, a postconviction petition in summary fashion if the court determines that "the petition is frivolous or is patently without merit." 725 ILCS 5/122–2.1(a)(2) (West 2004); see also *People v. Rivera*, 198 Ill. 2d 364 (2001) (explaining the nature of the summary dismissal procedure under Post-Conviction Hearing Act). "Summary dismissals" are not recognized under the Code of Civil Procedure in general or section 2–1401 in particular. While we acknowledge that such a procedure is a part of the Post-Conviction Hearing Act, we stress again that the Act provides a different form of statutory relief than does section 2–1401, notwithstanding that it, like section 2–1401, allows for collateral relief from judgments, albeit only collateral relief in criminal cases for constitutional violations. 725 ILCS 5/122–1 (West 2004). Thus, it is incorrect to equate the disposition in this case to a summary dismissal under the Post-Conviction Hearing Act. This is particularly so because this court has long held that actions pursuant to section 2–1401 are civil proceedings and are to be litigated in accordance with the usual rules of civil procedure. *Ostendorf*, 89 Ill. 2d at 279. This means that the procedure to be used in section 2–1401 actions is the same whether the petitioner is seeking vacatur of a civil or criminal final judgment.

Equally important is the fact that what the trial judge did in this case was not rule in "summary" fashion; rather, the judge entered judgment *sua sponte* by denying relief on the petition. As explained above, by not responding to the petition, the State caused the trial judge to accept the allegations in the petition as true. What the trial court determined was that those allegations did not provide a legal basis for relief under section 2–1401. Under our case law, the trial judge's disposition in the case can be accurately characterized in two ways: It is correct to say that the trial judge granted judgment in favor of the State on the pleadings and denied relief, and it is equally correct to say that the trial judge ruled against the petitioner by dismissing the petition with prejudice. See *Mitchell*, 291 Ill. App. 3d at 932. What cannot be said, with any accuracy under civil practice rules, is that the trial judge "summarily dismissed" the petition.

Having properly characterized the trial judge's action, we must still address Vincent's contention that before such a *sua sponte* ruling could be entered, the trial judge was required to provide him with notice and the opportunity to respond. In support of this proposition, Vincent, like some panels in the appellate court (see *People v. Anderson*, 352 Ill. App. 3d 934, 943 (2004)), points to *Barrett v. Guaranty Bank & Trust Co.*,123 Ill. App. 2d 326 (1970), as requiring certain actions be taken on the part of the trial judge before a *sua sponte* judgment may be entered. Nothing in *Barrett*, however, suggests that notice and the opportunity to be heard are required before a trial judge may act on its own. Illinois cases, including *Barrett*, recognize that a trial court may, on its own motion, dispose of a matter when it is clear on its face that the requesting party is not entitled to relief as a matter of law. *Mitchell*, 291 Ill. App. 3d 927; *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d 1024 (1984). The cases do not establish any uniform procedure that must be followed such that the trial court's actions in this case mandate reversal.

Vincent's primary contention in this regard is that his ability to be heard is jeopardized by the type of practice that occurred in this case. We disagree. It is unclear to us in what way Vincent's opportunity to be heard has been compromised. He has not been denied access to the courts, as his petition was filed in the circuit court and considered by a judge. The procedure employed by the trial judge here did not prevent Vincent from bringing a meritorious claim because, as we will explain in part III of this opinion, his claim has no merit. In addition, adequate procedural safeguards exist to prevent erroneous *sua sponte* terminations. A section 2–1401 petitioner whose petition has been disposed of by the court *sua sponte* could file a motion for rehearing under section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 2002)). In addition, a litigant whose cause of action has been terminated by the court *sua sponte* may bring an appeal, which invites *de novo* review of the legal sufficiency of the complaint. See *Mitchell*, 291 Ill. App. 3d at 932. Thus, the availability of corrective remedies, such as a motion to reconsider, renders the lack of notice prior to the ruling less of a concern.[3] Our conclusion in this

---

[3]We point out that the trial court should allow a litigant the opportunity to amend the petition in those circumstances when doing so would yield a meritorious claim.

regard accords with the majority view in the federal courts that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. See *Curley v. Perry*, 246 F.3d 1278 (10th Cir. 2001); *Constant v. United States*, 929 F.2d 654 (Fed. Cir. 1991). We agree with those federal cases and hold that a trial court "may dismiss a claim sua sponte *** without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). This position finds support in our case law and is "fully consistent with plaintiff's rights and the efficient use of judicial resources." *Baker v. Director*, 916 F.2d 725, 726 (D.C. Cir. 1990). Illinois pleading requirements and well-settled principles of civil practice and procedure permit the trial judge to have acted *sua sponte* in this case. Our recognition of this today is based on long recognized legal precepts, and is, in our view, more preferable than creating exceptions based solely on the criminal-defendant status of the petitioner (see *People v. Ryburn*, 362 Ill. App. 3d at 873) or on arbitrary notions of docket control (see *People v. Bramlett*, 347 Ill. App. 3d 468 (2004)).

### III

Once a trial court disposes of a properly served section 2–1401 petition *sua sponte* without a responsive pleading, that disposition must be measured against our normal rules of civil practice and procedure. As we have explained, the State's choice to forgo filing an answer stands as an admission of all well-pleaded facts, which allowed the circuit court to render judgment on the pleadings alone. And, as we explained earlier in this opinion, in this context the judgment on the pleadings entered is the functional equivalent of a dismissal for failure to state a cause of action. Either disposition under the Act is permissible under this court's opinion in *Ostendorf*. What now remains for us to decide is whether the circuit court correctly denied Vincent's petition.

Whether a trial court correctly enters judgment on pleadings or dismisses a complaint is subject to the same *de novo* standard of review on appeal. See *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005) (addressing judgment on the pleadings); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147-48 (2002) (addressing dismissal). We acknowledge, however, that

applying a *de novo* standard of review in this case conflicts with prior section 2–1401 case law that holds that an abuse of discretion standard of review is to be used in such circumstances. See, *e.g.*, *Klein*, 155 Ill. 2d at 206; *People v. Sanchez*, 131 Ill. 2d 417, 420 (1989). We therefore deem it appropriate, in light of the arguments presented in this appeal and the procedural questions that have been raised, to clarify the standard of review in this and future cases.

Based on our discussion of section 2–1401 case law and the rules of civil procedure that this court has applied to such actions, the abuse of discretion standard is improper in section 2–1401 proceedings in which either judgment on the pleadings or dismissal for failure to state a cause of action has been entered. If, at the trial level, a petition is to be treated like a complaint, then its dismissal should likewise be treated like a complaint on review. The abuse of discretion standard is inconsistent with both the procedural posture of this case and this court's own precedent that holds that section 2–1401 actions are subject to the usual rules of civil practice. See 86 Ill. B.J. at 36 (noting inconsistency between abuse of discretion standard of review and court precedent). Prior case law (this court's included) that applied the abuse of discretion standard did so without regard for either the civil practice considerations that govern trial-level section 2–1401 proceedings or the various dispositions possible.

Moreover, the operation of the abuse of discretion standard is the result of an erroneous belief that a section 2–1401 petition "invokes the equitable powers of the court, as justice and fairness require." *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 613 (1963). The observation was certainly true when such relief was available under the common law writs. But it was from this general statement regarding the statute's equitable origins that courts incorrectly continued to hold that the new *statutory remedy* was still a matter of judicial discretion and thus subject to an abuse of discretion review on appeal. See, *e.g.*, *American Reserve Corp. v. Holland*, 80 Ill. App. 3d 638, 643 (1980) (citing *Elfman*); *Eastman Kodak Co. v. Guasti*, 68 Ill. App. 3d 484, 487 (1979) (citing *Elfman*); *Chase v. Cummingham*, 64 Ill. App. 3d 54, 56 (1978) (same); 86 Ill. B.J. at 36 (noting courts' continued references to source of the judicial power to vacate as being equitable despite the legislature's abolishment of the common law writ of *coram nobis* and enactment of the purely statutory remedy in its place). When the legislature abolished the writs in favor of today's

statutory remedy, it became inaccurate to continue to view the relief in strictly equitable terms. Moreover, this court's application of civil practice rules and precedent factored out any notions about a trial court's "discretion" to do justice. Because relief is no longer purely discretionary, it makes little sense to continue to apply an abuse of discretion standard on review. Simply put, an abuse of discretion standard of review in cases where either a judgment on the pleadings or a dismissal has been entered does not comport with the usual rules of civil practice and procedure.

As this court has repeatedly stressed, the " '[m]ere repetition of a purported rule of law does not establish its validity.' " *Best v. Best*, 223 Ill. 2d 342, 350 (2006), quoting *In re D.T.*, 212 Ill. 2d 347, 357 (2004). Nor does the doctrine of *stare decisis* stand as a bar to this court's rejecting today the abuse of discretion standard in this particular context. Rather than being an "inexorable command," the doctrine serves to ensure that the law "will not merely change erratically, but will develop in a principled and intelligible fashion." *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 510 (1994).

We recognize, of course, that this case involves only two dispositions under section 2–1401: judgment on the pleading and dismissals. Accordingly, today's decision is limited only to the standard of review applicable to those dispositions. We are obligated, however, to note, as we have earlier in this analysis, that other dispositions are possible in section 2–1401 actions, *i.e.*, grant of relief after an evidentiary hearing, and denial of relief after an evidentiary hearing. Concerns about the proper standard of review applicable to those dispositions must necessarily await other cases.[4]

---

[4]We are not unaware that our appellate court has recognized the dichotomy between the abuse of discretion standard and the various procedural postures which arise in section 2–1401 litigation. See *Uptown Federal Savings & Loan Ass'n of Chicago v. Kotsiopoulous*, 105 Ill. App. 3d 444, 451 (1982) (noting that manifest weight of the evidence standard applies after trial court has held an evidentiary hearing in section 2–1401 action); *In re M.B.*, 235 Ill. App. 3d 352, 379 (1992) (noting both abuse of discretion standard and manifest weight of evidence standard and collapsing both to review trial court's decision after an evidentiary hearing in section 2–1401 action); *Collins v. Prestige Casualty Co.*, 54 Ill. App. 3d 762, 765

Notwithstanding that fact, we submit that the touchstone of such future analyses will be, as today's was, grounded in the notion that each of the dispositions available in a section 2–1401 action is borrowed from our civil practice and pleadings rules.[5]

We therefore hold that when a court enters either a judgment on the pleadings or a dismissal in a section 2–1401 proceeding, that order will be reviewed, on appeal, *de novo*. Applying this standard of review to the matter before us, the circuit court correctly denied Vincent's petition as a matter of law.

In his section 2–1401 petition, Vincent contended that the circuit court erroneously construed and applied sections 5–8–4(a), (b), and (c)(2) of the Code of Corrections (730 ILCS 5/5–8–4(a), (b), (c)(2) (West 1998)) when it imposed consecutive sentences totaling 100 years' imprisonment. We have reviewed Vincent's sentences and find that his sentences comport with the provisions of the Code. We note that, by virtue of a prior felony conviction, Vincent was eligible for extended-term sentences for the attempted murder convictions, with a maximum sentence of 60 years on each conviction. 730 ILCS 5/5–5–3.2(b)(1) (West 1998). Vincent's conviction for attempted murder, a Class X felony and his infliction of severe bodily injury on at least four of the victims rendered him subject to mandatory

---

(1977) (same); *Gines v. Ivy*, 358 Ill. App. 3d 607, 609-10 (2005) (applying *de novo* standard of review for question of law).

[5]Motions for summary judgment and evidentiary hearings, along with judgments on the pleadings and dismissals, are all forms of civil practice that have been applied to section 2–1401 proceedings. Today's decision speaks to judgment on the pleadings and dismissals in section 2–1401 actions. But we should add, though *dicta,* that the abuse of discretions standard does not match up with any other of the types of dispositions possible in section 2–1401 proceedings. See *Chicago Investment Corp. v. Dolins*, 107 Ill. 2d 120, 124 (1985) (grant or denial of relief after a civil bench trial is traditionally reviewed under manifest weight of the evidence standard). Importantly, this court has held that, as in all civil bench trials, to prevail under section 2–1401 requires proof by a preponderance of evidence. *Klein*, 155 Ill. 2d at 201. The abuse of discretion standard is not tied to any quantum of proof. *Best v. Best*, 223 Ill. 2d 342 (2006). In so noting, we express no opinion on which standard of review is applicable for these other dispositions and leave further discussion on the subject to another day.

consecutive sentences. 730 ILCS 5/5–8–4(a) (West 1998). Because section 5–8–4(a) mandated consecutive sentences, section 5–8–4(b) had no application to Vincent's situation. Our review of the transcript indicates that the trial judge considered section 5–8–4(a) in imposing sentence.

We similarly reject Vincent's second contention regarding the aggregate maximum of his consecutive sentences. Section 5–8–4(c)(2) provides:

> "For sentences imposed under the law in effect on or after February 1, 1978, the aggregate of consecutive sentences for offenses that were committed as part of a single course of conduct *** shall not exceed the sum of the maximum terms authorized under Section 5–8–2 for the 2 most serious felonies involved ***." 730 ILCS 5/5–8–4(c)(2) (West 1998).

Section 5–8–2 provides that the term for a Class X felony (the most serious felony involved in this case) "shall not be less than 30 years and not more than 60 years." 730 ILCS 5/5–8–2 (West 1998). Thus, the aggregate of consecutive sentences could not exceed 120 years. Vincent's sentences, which total 100 years, were in full accord with the Code of Corrections. For this reason, the circuit court properly denied Vincent's section 2–1401 petition.

## Conclusion

For the reasons expressed above, the judgment of the appellate court, which affirmed the circuit court's denial of section 2–1401 relief, is affirmed.

*Affirmed.*

JUSTICE KILBRIDE, dissenting:

The crucial issue here is whether the trial court's disposition complies with section 2–1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2–1401 (West 2002)). It does not. Moreover, the trial court's disposition is inherently prejudicial because it is a fundamental departure from the adversarial process mandated by the Code. The trial court's dismissal of defendant's petition should be reversed and

the matter remanded for further proceedings consistent with the Code. Accordingly, I respectfully dissent.

Initially, the procedure employed by the trial court in considering the petition on its own motion and dismissing the petition without prior notice or an opportunity to be heard is similar to the summary dismissal procedure contained in the Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq.* (West 2002)). While I agree with the majority that this procedure is not properly labeled a "summary dismissal," the appellate court's characterization in that manner is understandable given its similarity to the summary dismissal procedure.

In several recent cases, our appellate court has addressed whether a trial court may dismiss a section 2–1401 petition as employed in this case. The Second and Third Districts and several divisions of the First District have held it is error. *People v. Thompson*, 368 Ill. App. 3d 348, 352 (2006); *People v. Allen*, 366 Ill. App. 3d 903, 908 (2006); *People v. Coleman*, 358 Ill. App. 3d 1063, 1068-70 (2005); *People v. Edwards*, 355 Ill. App. 3d 1091, 1100 (2005); *People v. Dyches*, 355 Ill. App. 3d 225, 229 (2005); *People v. Anderson*, 352 Ill. App. 3d 934, 945 (2004); *People v. Pearson*, 345 Ill. App. 3d 191, 193 (2003), *aff'd on other grounds*, 216 Ill. 2d 58 (2005). In those cases, the reviewing court reasoned that summary dismissal is a procedure available only under the Post-Conviction Hearing Act, and it should not be read into the Code by analogy when there is no expression of legislative intent for the procedure to apply outside of the Act. *Allen*, 366 Ill. App. 3d at 907-08; *Coleman*, 358 Ill. App. 3d at 1068-70; *Edwards*, 355 Ill. App. 3d at 1100; *Dyches*, 355 Ill. App. 3d at 228-29; *Anderson*, 352 Ill. App. 3d at 945; *Pearson*, 345 Ill. App. 3d at 193. Thus, in those cases, the appellate court essentially concluded that the disposition employed by the trial court was error because it was not authorized under the provisions of the Code.

The Third District and the First Division of the First District have also expressly relied upon the plain language of the Code in holding that the procedure used here is error. *Coleman*, 358 Ill. App. 3d at 1069-70; *Edwards*, 355 Ill. App. 3d at 1100; *Anderson*, 352 Ill. App. 3d at 945. Those courts have held that the trial court's disposition is not permissible as a matter of statutory construction because section 2–1401 does not provide for "summary dismissal." *Coleman*, 358 Ill. App. 3d at 1069-70. The Third District has recognized that the

legislature is best able to weigh any public policy concerns warranting a summary disposition of section 2–1401 petitions. *Coleman*, 358 Ill. App. 3d at 1071. Thus, in the absence of legislative guidance to the contrary, the procedure employed here cannot be applied to section 2–1401 petitions. *Coleman*, 358 Ill. App. 3d at 1069-71.

I agree with the majority that the procedure used by the trial court is better characterized as *sua sponte* dismissal. Nonetheless, the appellate court in the cases cited above correctly analyzed the dismissals based upon the plain language of the Code. I agree with that analysis and believe that this appeal presents a simple question of statutory construction. The question is whether the trial court's disposition is authorized by the plain language of the Code.

The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Cordell*, 223 Ill. 2d 380, 389 (2006). The best evidence of legislative intent is the statutory language, given its plain and ordinary meaning. *People v. Wooddell*, 219 Ill. 2d 166, 170-71 (2006). It is well-established that courts may not add provisions that do not appear in a statute. See *People v. Lewis*, 223 Ill. 2d 393, 402 (2006), citing *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 153 (1997).

Section 2–1401 does not contain any provision authorizing the trial court's *sua sponte* dismissal of defendant's petition without notice or an opportunity to be heard. As noted by the majority, section 2–1401 proceedings are subject to the general rules of civil procedure. Slip op. at 4, citing *Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279 (1982). Those rules are found in the Code. Like section 2–1401, the remainder of the Code does not contain any specific provision allowing the trial court's disposition. The trial court's disposition is simply not authorized under the terms of section 2–1401 or the remainder of the Code.

Notably, the majority does not cite any section of the Code authorizing the trial court's disposition. Similarly, the majority does not engage in any meaningful discussion of the Code in arriving at its conclusion that the trial court's disposition is permissible. Instead, the majority simply asserts in conclusory fashion that the trial court's *sua sponte* dismissal of the petition is permitted by "Illinois pleading requirements and well-settled principles of civil practice and procedure." Slip op. at 9.

However, contrary to the majority's decision, the usual rules of civil procedure under the Code contemplate notice and hearings on motions, including dispositive motions. See *Anderson*, 352 Ill. App. 3d at 945 (collecting authority). When a court acts *sua sponte*, the court effectively creates a pending motion. *Anderson*, 352 Ill. App. 3d at 945. Black's Law Dictionary defines "*sua sponte*" as "[w]ithout prompting or suggestion; on its own motion." Black's Law Dictionary 1437 (7th ed. 1999). Thus, the Code requires notice to the parties of a proposed dismissal on the court's own motion and an opportunity to be heard before dismissal. See *Anderson*, 352 Ill. App. 3d at 945.

Significantly, if the State had initiated the court's action in this case, it would have been required to file a motion to dismiss the petition on the pleadings under section 2–615 of the Code (735 ILCS 5/2–615 (West 2002)). The State would have also been required to identify the specific defects in the petition and to ask for appropriate relief. 735 ILCS 5/2–615 (West 2002). Under this court's rules, the State would have been required to serve that motion upon defendant. 134 Ill. 2d R. 104(b). Thus, defendant would have received notice of the motion and an opportunity to respond to it. The trial court's dismissal on its own motion disregards these basic requirements of notice and an opportunity to respond. The plain language of the Code does not authorize this procedure and, therefore, the court's action is error.

Moreover, the error here is not subject to harmless error review because it is inherently prejudicial. The trial court's failure to give defendant prior notice of the impending dismissal and an opportunity to respond is a complete departure from the adversarial process. *Coleman*, 358 Ill. App. 3d at 1070-71; *Pearson*, 345 Ill. App. 3d at 194-95. As explained in *Pearson*:

> "[W]e can conduct harmless-error analysis only by examining fundamentally proper proceedings and considering whether, if we removed the effect of an error, we would obtain the same result. Where the error is that the proceedings were of fundamentally the wrong kind, we cannot speculatively recreate the right proceedings to determine what should have been the result. *** [T]he procedure by which the trial court dismissed [the petition] was simply too far removed from what defendant was entitled to for us to review the matter as if

defendant had been given notice and an opportunity to answer." *Pearson*, 345 Ill. App. 3d at 196.

Finally, some courts have expressed a concern that increased prisoner litigation by "professional litigants" in the form of section 2–1401 petitions and other filings may overwhelm courts, and a summary or *sua sponte* dismissal procedure is a way to avoid that consequence. See *People v. Ryburn*, 362 Ill. App. 3d 870, 876-77; *People v. Bramlett*, 347 Ill. App. 3d 468, 472 (2004); *Mason v. Snyder*, 332 Ill. App. 3d 834, 841-42 (2002). I believe the concern expressed in those cases is unwarranted. Dealing with these filings in accordance with the procedure mandated by the Code does not place an undue burden on trial courts. If a trial court determines that a section 2–1401 petition lacks merit, it may notify the petitioner of its intent to dismiss the petition and the reasons for the proposed *sua sponte* dismissal. The court may set the matter for a status hearing, allowing the petitioner an opportunity to respond in writing to the proposed dismissal. The court need not allow the petitioner to appear in person and argue the *sua sponte* motion to dismiss the petition. If the trial court still finds the petition lacks merit following this simple process, the court may dismiss the petition. This procedure gives the petitioner notice of the proposed dismissal and an opportunity to be heard in compliance with the Code, and does not impose an undue burden on trial courts.

In sum, the procedure employed by the trial court does not comply with the provisions of the Code. The error is not subject to harmless error review because it is inherently prejudicial. Accordingly, the trial court's disposition must be reversed and the cause remanded for further proceedings consistent with the Code. For these reasons, I respectfully dissent.