JUSTICE JORGENSEN, specially concurring: Although I agree with the majority’s result, I disagree with its use of the abuse-of-discretion standard. I believe that the majority’s approach in this regard violates procedure set forth by the Illinois Supreme Court in People v. Vincent, 226 Ill. 2d 1 (2007), as well as this court’s recent opinion in Mills v. McDuffa, 393 Ill. App. 3d 940 (2009). It is well settled that an appellate court must follow the law as set forth by the supreme court. Nelson v. Aurora Equipment Co., 391 Ill. App. 3d 1036, 1038 (2009). Vincent explicitly states that it is incorrect for courts to continue to view a section 2 — 1401 petition as a matter of judicial discretion, subject to an abuse-of-discretion review on appeal. Vincent, 226 Ill. 2d at 15. The Vincent court stated: “[T]he operation of the abuse of discretion standard is the result of the erroneous belief that a section 2 — 1401 petition ‘invokes the equitable powers of the court’ ***. When the legislature abolished the [common-law] writs in favor of today’s statutory remedy, it became inaccurate to continue to view the relief in strictly equitable terms. *** Because relief is no longer purely discretionary, it makes little sense to continue to apply an abuse of discretion standard on review.” Vincent, 226 Ill. 2d at 15-16. The Vincent court essentially held that the standard by which we should review the trial court’s disposition of a section 2 — 1401 petition depends upon the manner in which it was disposed. See Vincent, 226 Ill. 2d at 15-17. Five types of final dispositions are possible in section 2 — 1401 litigation: “the trial judge may dismiss the petition; the trial judge may grant or deny the petition on the pleadings alone (summary judgment); or the trial judge may grant or deny relief after holding a hearing at which factual disputes are resolved.” Vincent, 226 Ill. 2d at 9, relying on D. Simko, Updating the Standard of Review for Petitions to Vacate Final Judgments, 86 Ill. B.J. 34 (1998) (listing the five possible dispositions as dismissing, granting relief without an evidentiary hearing, denying relief without an evidentiary hearing, granting relief after an evidentiary hearing, and denying relief after an evidentiary hearing). Vincent mandates that, where a trial court enters a judgment on the pleadings or a summary judgment in a section 2 — 1401 proceeding, that judgment will be reviewed de novo on appeal. Vincent, 226 Ill. 2d at 18. Although Vincent dealt with the dismissal of a section 2 — 1401 petition (possibility number one), the court stated that future analyses regarding the standard of review for a grant or denial of a section 2 — 1401 petition should “be *** grounded in the notion that each of the dispositions available in a section 2 — 1401 action is borrowed from our civil practice and pleadings rules.” Vincent, 226 Ill. 2d at 17. In this case, the trial court granted National City’s section 2 — 1401 petition based on the pleadings and an affidavit; there was no evidentiary hearing. Therefore, just as we would review de novo the trial court’s grant of a motion for summary judgment, we should review de novo the trial court’s grant of National City’s section 2 — 1401 petition. I disagree with the majority’s reasoning that de novo review is not appropriate in this case because the trial court made a determination regarding National City’s due diligence, an inquiry suited to balancing and not bright lines. Nearly every section 2 — 1401 petition contains a due diligence component, and the issue of due diligence may, where the facts are undisputed and where reasonable minds would not differ as to the inferences to be drawn from those facts, be decided as a matter of law (i.e., summary judgment may be appropriate). On the other hand, “[wjhere a material issue of fact exists, summary judgment is inappropriate and an evidentiary hearing — a trial in effect — is required on the [section 2 — 1401] petition.” Vincent, 226 Ill. 2d at 9. Hence, the decision to which we would apply de novo review in this case is the trial court’s effective grant of summary judgment to National City; we would not perform a direct, “naked” review of the due diligence issue. We would not have to decide “yes” or “no” as to the issue of due diligence as if we were the trial court; instead, we would review the issue of due diligence through the analytic framework established for reviewing a grant of summary judgment on the matter. In reviewing de novo the grant of summary judgment, we might say “yes,” as a matter of law there was due diligence; “no,” as a matter of law there was not due diligence; or, we might say, based on the information before the court, this matter cannot be decided as a matter of law and we remand for an evidentiary hearing. It is the trial court’s decision following the evidentiary hearing to which we would afford a greater degree of deference.