**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190690-U

Order filed January 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, Bureau County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0690 Circuit No. 15-CF-35 |
| | ) | |
| GREGORY M. HALL, | ) ) | Honorable Cornelius J. Hollerich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justice McDade and Justice Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The circuit court properly dismissed defendant's motion for substitution of judge because it failed to meet the statutory requirements.

¶ 2      Defendant, Gregory M. Hall, appeals following the dismissal of his motion for substitution of judge. He argues that his motion also included a petition[1] to substitute judge for cause and the Bureau County circuit court improperly dismissed the petition. We affirm.

_____

[1]The title of the substitution of judge filing varies depending on whether it is filed under the Code of Criminal Procedure of 1963 (Criminal Code) or the Code of Civil Procedure (Civil Code). Section 114-

¶ 3                                          I. BACKGROUND

¶ 4         On March 22, 2016, defendant was convicted of unlawful delivery of a controlled

substance (720 ILCS 570/401(d) (West 2014)) and unlawful possession of a controlled substance

(*id.* § 402(c)).[2] At the sentencing hearing, Judge Cornelius Hollerich reviewed the presentence

investigation report (PSI) and commented on the mitigating and aggravating factors, as well as

defendant's criminal history before deciding defendant's sentence. Relevant to this appeal, Judge

Hollerich said:

> "The fourth factor is that there were substantial grounds tending to excuse
>
> or justify the defendant's criminal conduct. Again, I'm talking about his addiction
>
> here. This is a disease as far as the court is concerned.
>
> I do think at some point that most people with diseases get treatment. And
>
> in [defendant's] case, he doesn't have a very good record of that. So—but I do think
>
> the addiction issue is something to consider here. I don't think it's a strong factor
>
> in mitigation, but I'm aware of his addiction problems which go back two decades.
>
> So I'm aware of that."

Commenting on an aggravating factor, Judge Hollerich said:

> "The third factor is the defendant has a history of prior delinquency or
>
> criminal activity. Page 15 of the [PSI] has a rather succinct description of this. In
>
> the summary, the report states, quote, 'His adult history included three felonies,

---

5 of the Criminal Code refers to the filing as a motion. 725 ILCS 5/114-5 (West 2018). Section 2-1001 of
the Civil Code refers to the filing as a petition. 735 ILCS 5/2-1001(3) (West 2018). As the instant case
involves a collateral civil proceeding that derived from a criminal case, the parties refer to the substitution
filing interchangeably as a motion or petition.

[2]On November 16, 2018, we vacated defendant's unlawful possession conviction because it
violated the one-act, one-crime doctrine. *People v. Hall*, No. 3-16-0600 (2018) (unpublished minute order).

seven misdemeanors, and nine traffic violations. He was sentenced to the Illinois Department of Corrections twice, probation three times, and one TASC probation sentence, court supervision on five occasions. Two of his probation sentences were revoked.' "

¶ 5        Defendant was eligible for Class X felony sentencing because of his criminal history. The court sentenced defendant to 16 years' imprisonment.

¶ 6        Defendant filed a motion to reconsider sentence arguing that his sentence was excessive, Judge Hollerich failed to consider or give proper weight to defendant's addiction, and defendant had maintained one year of sobriety prior to trial. At the hearing on defendant's motion, Judge Hollerich found that he did consider defendant's addiction and acknowledged that defendant had been sober for one year. Judge Hollerich denied defendant's motion.

¶ 7        On May 1, 2019, defendant filed, as a self-represented litigant, a petition for relief from judgment pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2018)). On May 16, 2019, defendant filed a motion to substitute judge by right pursuant to section 114-5 of the Criminal Code (725 ILCS 5/114-5 (West 2018)). In that motion, defendant made two arguments. First, he argued that he had a right to substitute judge within 10 days of the docketing of his section 2-1401 petition and requested that the motion be held in abeyance if the petition was not yet considered docketed. Second, defendant argued that Judge Hollerich was prejudiced against him and therefore, could not be impartial in deciding defendant's section 2-1401 petition.

¶ 8        Defendant alleged that Judge Hollerich had a prejudice against defendant because "Judge Hollerich holds the belief that drug treatment is of no value or would have no impact on defendant. This belief has no basis in fact nor is there any current evidence to support this position." Defendant also alleged, "Judge Hollerich being aware that defendant has had a 20 year drug addiction, has

3

concluded that by the facts that defendant fail[ed] drug treatment (1) time, (7) years prior to this case, that drug treatment is of no use for defendant." Defendant wrote that at the hearing on defendant's motion to reconsider sentence, Judge Hollerich acknowledged that defendant had been sober for one year prior to trial. Defendant ended by writing, "Judge Hollerich has shown by definition a prejudice against defendant by ignoring the facts of this case. Defendant believes that Judge Hollerich could therefore not be impartial in presiding over defendant's 2-1401 petition."

¶ 9 Judge Hollerich dismissed defendant's motion to substitute judge as untimely without acknowledging the portion of the motion that sought a substitution of judge for cause. On October 23, 2019, Judge Hollerich dismissed defendant's section 2-1401 petition.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant argues that (1) his motion to substitute judge by right also included a petition to substitute judge for cause, (2) the circuit court improperly dismissed his petition for substitution of judge for cause because it failed to transfer the petition to another judge for a hearing, and (3) because of this improper dismissal, the order dismissing defendant's section 2-1401 petition should be vacated. The State argues that, even if defendant's motion could be construed as a petition to substitute judge for cause, it was properly dismissed because it failed to meet the threshold statutory requirements. We agree.

¶ 12 The parties agree that the rules of civil procedure apply because this case involves a petition for relief from judgment pursuant to section 2-1401 of the Civil Code. 735 ILCS 5/2-1401 (West 2018); *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). Accordingly, the civil rule for substitution of judge for cause governs. Section 2-1001(3) of the Civil Code provides:

"(i) Each party shall be entitled to a substitution or substitutions of judge for cause.

4

(ii) Every application for substitution of judge for cause shall be made by petition, setting forth the specific cause for substitution and praying a substitution of judge. The petition shall be verified by the affidavit of the applicant.

(iii) Upon the filing of a petition for substitution of judge for cause, a hearing to determine whether the cause exists shall be conducted as soon as possible by a judge other than the judge named in the petition. The judge named in the petition need not testify but may submit an affidavit if the judge wishes. If the petition is allowed, the case shall be assigned to a judge not named in the petition. If the petition is denied, the case shall be assigned back to the judge named in the petition." 735 ILCS 5/2-1001(3) (West 2018).

¶ 13    The right to have a petition for substitution heard by another judge is not automatic. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010). Trial courts need only transfer a petition to another judge for a hearing on whether cause for substitution exists when the petition satisfies the statutory requirements. *Id.* "To meet the statute's threshold requirements, a petition for substitution must allege grounds that, if true, would justify granting substitution for cause." *Id.* at 554. Generally, "cause" means actual prejudice which resulted from prejudicial trial conduct or personal bias. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30. "Where bias or prejudice is invoked as the basis for seeking substitution, it must normally stem from an extrajudicial source, *i.e.*, from a source other than from what the judge learned from her participation in the case before her." *Wilson*, 238 Ill. 2d at 554. "A judge's previous rulings almost never constitute a valid basis for a claim of judicial bias or partiality." *Id.* In *Liteky v. United States*, 510 U.S. 540, 555 (1994), the Supreme Court held:

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute

5

a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

¶ 14  In the instant case, defendant alleged that Judge Hollerich was prejudiced against him, evidenced primarily by the comments made at defendant's sentencing hearing. In sum, defendant's motion alleged that Judge Hollerich could not be impartial in deciding defendant's section 2-1401 petition because he believed that drug treatment had not been successful for defendant.

¶ 15  Although defendant's motion included a request for substitution for cause, we find that the motion failed to adequately allege cause for substitution for two reasons. First, the allegations in defendant's motion do not stem from an extrajudicial source. Any opinions formed by Judge Hollerich regarding defendant's ability to complete drug treatment were based on information he learned at defendant's sentencing hearing. Defendant argues that his motion alleged that Judge Hollerich had "preconceived notions about addiction that he alleges the judge applied during" the analysis of defendant's criminal history at sentencing. However, defendant failed to make those allegations in his motion.

¶ 16  Second, the allegations in defendant's motion do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* At defendant's sentencing, Judge Hollerich merely read from the PSI and discussed the mitigating and aggravating factors before sentencing defendant. Judge Hollerich considered defendant's addiction as a mitigating factor and spoke about defendant's criminal history, including defendant's drug treatment. At the hearing on defendant's motion to reconsider sentence, Judge Hollerich acknowledged that defendant had been sober for one year prior to the trial. There is no indication in the record that Judge Hollerich showed any sign of antagonism toward defendant that would make it impossible for him to be fair in deciding defendant's section 2-1401 petition. Defendant's motion was properly dismissed because

it failed to meet the threshold statutory requirements before transfer to another judge was warranted. Therefore, the dismissal of defendant's section 2-1401 petition stands.

¶ 17                                    III. CONCLUSION

¶ 18          The judgment of the circuit court of Bureau County is affirmed.

¶ 19          Affirmed.