# Illinois Official Reports

## Appellate Court

*People v. Bishop*, 2014 IL App (1st) 113335

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT BISHOP, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-3335 |
| Filed<br>Rehearing denied | May 14, 2014<br>June 10, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of three charges of murder, including intentional murder and felony murder, and a charge of attempted armed robbery and the mittimus stated that defendant was convicted and sentenced for intentional murder and attempted armed robbery, but the report of proceedings showed that the trial judge incorrectly identified felony murder as the murder charge on which defendant was sentenced and into which the other murder charges merged, the law on multiple murder convictions was applied and defendant was deemed to have been convicted and sentenced of the most serious murder charge, intentional murder, and based on that ruling, defendant's claim in his petition under section 2-1401 of the Code of Civil Procedure that his sentence violated the rule against double jeopardy and was void because attempted armed robbery was a lesser included offense of felony murder and could not stand was rejected on the ground that the felony murder charge merged into the intentional murder charge and he was never sentenced for felony murder. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 84-CR-6448; the Hon. Lawrence Edward Flood, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier and Linda Olthoff, both of State Appellate Defender's Office, of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Matthew Connors, and Sari London, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion. Justices Pucinski and Mason concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Robert Bishop, seeks to vacate his 1986 conviction and sentence for attempted armed robbery as void on the ground of double jeopardy. He contends that attempted armed robbery also served as the predicate offense for his felony murder conviction and thus cannot stand. His appeal arises from the circuit court's dismissal of his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). We find that Bishop was not convicted of felony murder but, rather, intentional murder, and because attempted armed robbery is not a predicate offense, the trial court's conviction and sentence on both charges did not constitute a double jeopardy violation. This being the case, the statute of limitations in section 2-1401 had run, and his petition was untimely.

¶ 2                              BACKGROUND

¶ 3    On March 20, 1985, Bishop pled guilty to murder and attempted armed robbery for the May 30, 1984 shooting death of Oralia Velasquez. Bishop was ordered to serve an extended-term sentence of 80 years' imprisonment for murder and a consecutive sentence of 15 years for attempted armed robbery. Bishop appealed, claiming ineffective assistance of trial counsel and trial court error in sentencing him to 95 years in prison. The appellate court affirmed both the conviction and the sentence. *People v. Bishop*, 179 Ill. App. 3d 99 (1989). On December 27, 1991, Bishop filed a *pro se* postconviction petition claiming ineffective assistance of counsel and an excessive sentence. The trial court dismissed the petition and the appellate court affirmed. *People v. Bishop*, No. 1-92-1534 (1994) (unpublished order under Supreme Court Rule 23). In December 2000, Bishop filed a successive postconviction petition alleging his sentences violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court dismissed the petition after second-stage arguments, and the

- 2 -

appellate court again affirmed. *People v. Bishop*, No. 1-03-2255 (2005) (unpublished order under Supreme Court Rule 23).

¶ 4        On July 11, 2011, Bishop filed a *pro se* petition for relief from judgment under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)). As grounds for relief, Bishop alleged: (i) his extended-term sentences are unconstitutional; (ii) his convictions violate the one-act, one-crime rule and subject him to double jeopardy; and (iii) the trial court lacks subject matter jurisdiction. The circuit court dismissed the petition in a written order on October 13, 2011. The court found Bishop did not rely on any newly discovered evidence or other material outside the record that would form the basis of a section 2-1401 petition. The court also found that (i) *res judicata* barred Bishop's claims regarding his extended-term sentence since they were raised in an earlier postconviction petition and (ii) waiver barred his other claims because they were not raised on direct appeal. The trial court determined that Bishop's convictions for murder and attempted robbery were separate acts and therefore did not implicate the one-act, one-crime rule or subject him to double jeopardy. Lastly, the court dismissed Bishop's petition as untimely, having been filed well beyond the limitations period prescribed by section 2-1401 and making no claim of legal duress or fraud that would have tolled the statute of limitations. Bishop now challenges the dismissal of his section 2-1401 petition.

¶ 5                                          ANALYSIS

¶ 6        Section 2-1401 provides a comprehensive, statutory procedure that allows for vacating a final judgment older than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). A petition must be filed within two years of that order or judgment, unless it alleges a claim of voidness, which can be raised at any time. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). Relief under section 2-1401 depends on proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition. *Vincent*, 226 Ill. 2d at 8. We review the dismissal of a section 2-1401 petition on the pleadings *de novo*. *Id*. at 18.

¶ 7        Bishop maintains that his conviction and sentence are void (rather than voidable) and thus not subject to the two-year statute of limitations for a section 2-1401 petition. According to Bishop, he was convicted for felony murder and the predicate offense of attempted armed robbery violated the one-act, one-crime and double jeopardy rules. See *People v. Coady*, 156 Ill. 2d 531, 537 (1993) ("armed robbery was the offense underlying the felony murder charge and, as an included offense, will not support a separate conviction and sentence"). The State agrees the well-established rule is that multiple convictions are improper if based on lesser-included offenses. *People v. King*, 66 Ill. 2d 551, 564 (1977). But, contends the State, Bishop's conviction was for intentional murder, not felony murder, and armed robbery is not a predicate offense to intentional murder, and thus the one-act, one-crime or double jeopardy issue does not arise. Alternatively, the State asserts that one-act, one-crime errors are voidable and not subject to an untimely collateral attack.

- 3 -

¶ 8    We first address the State's contention that Bishop was convicted of intentional murder rather than felony murder, which would preclude Bishop from raising a one-act, one-crime violation and from filing an untimely petition. After his arrest, Bishop was charged with three counts of murder, one count of armed violence, and one count of attempted armed robbery. The indictment listed those charges as follows: count I, murder, intentional and knowing; count II, murder knowing that shooting with a gun created a strong probability of death; count III, armed violence, in that he committed a felony, *i.e.*, murder, knowing that the shooting created a strong probability of death; count IV, felony murder; and count V, attempted armed robbery. After accepting Bishop's guilty plea and holding a sentencing hearing, the trial court entered a mittimus order sentencing Bishop to "a term of Eighty (80) years on the charge of count I murder and Fifteen (15) years on the charge of count V attempt armed robbery." The State contends the mittimus shows Bishop was convicted of intentional murder and attempted armed robbery, counts I and V of the indictment, respectively, and because the former is not a predicate offense to the latter, Bishop has failed to state a meritorious claim of double jeopardy.

¶ 9    Bishop, however, points to the report of proceedings and says it shows he was convicted of felony murder. Specifically, Bishop notes that after accepting his guilty plea, the trial judge stated, "I will accept your plea of guilty based upon the evidence that I have heard up to this point in the trial, and I will enter a finding of guilty on count one, charging you with murder, finding of guilty. Count two charges you with murder, finding of guilty. Count three charges you with murder, finding of guilty. Count four charges you with attempted armed robbery, and I will make the judgment of conviction on the attempted armed robbery, and make a judgment of conviction on the murder count, which is count 4, I guess. Yes, count four. The other counts will merge into that count." According to Bishop, this statement by the trial judge shows he was convicted on count IV, felony murder, and that the other murder charges merged into that charge.

¶ 10    Generally, where the sentence reflected in the common law record conflicts with the sentence imposed by the trial judge, as reflected by the report of proceedings, the report of proceedings will control. *People v. Peeples*, 155 Ill. 2d 422, 496 (1993). Here, the issue is less one of a conflict between the common law record and the report of proceedings than a lack of clarity. As noted, the mittimus plainly stated Bishop was convicted of counts I and V, intentional murder and attempted armed robbery. In the report of proceedings, the trial judge noted that Bishop was guilty on all three of the murder charges, as well as the attempted armed robbery charge, but incorrectly identified that charge as count IV. He then identified count IV as a murder charge and stated that the other murder charges would merge into that charge.

¶ 11    Given this ambiguity as to what the trial judge intended, we turn to the law on multiple murder convictions outlined by our supreme court in *People v. Cardona*, 158 Ill. 2d 403 (1994). The court held in *Cardona* that a single murder victim supports only one conviction of murder, which is on the most serious offense. *Id.* at 411-12. Among charges of intentional, knowing, and felony murder, intentional murder constitutes the most serious offense. *Id.* "A killing that occurs when acts are performed with the intent to kill or to do great bodily harm

involves a more culpable mental state than does either a killing that occurs when acts are performed with the knowledge that they create a strong probability of death or great bodily harm or a killing that occurs in the course of a felony." *Id.* See also *People v. Mack*, 105 Ill. 2d 103, 137 (1984) ("When multiple convictions are had for offenses arising out of a single act, the rule is that the sentence is imposed on the most serious offense." (citing *People v. Donaldson*, 91 Ill. 2d 164, 170 (1982))).

¶ 12 As noted, Bishop faced three murder charges, the most serious being intentional murder, which carried a potential sentence of life imprisonment. Indeed, the State asked that Bishop be sentenced to natural life, asserting that the evidence showing Bishop shot the victim in the right side of the head while holding a gun in his right hand suggested he was pointing the gun at her head and that the gun had not gone off accidentally. As the State explains, "this was an execution and it was not an accident." During the sentencing hearing, the trial judge noted he could grant the State's request for a natural life sentence (which would have been permitted for intentional murder but not felony murder) but decided instead to impose an 80-year sentence for murder and a consecutive 15 years for attempted armed robbery.

¶ 13 Although the trial judge never expressly stated Bishop was being sentenced for intentional murder, the trial court is presumed to know the law and to follow it unless the record affirmatively indicates the contrary. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 72. We presume the sentencing judge knew and followed the law and, in particular, that he was aware intentional murder was the most serious of the charges against Bishop and that when Bishop was found guilty of that offense, the other murder counts, including felony murder, merged into count I. Further, as noted, the record of proceedings is ambiguous and, therefore, fails to "affirmatively indicate" the trial judge did not follow the law. Given the unambiguous reference in the sentencing order and the mittimus to count I, as well as the evidence in the record supporting a finding of guilty on the charge of intentional murder, we conclude the trial judge misspoke when referring to the other counts of murder merging into count IV, the felony murder count, rather than count I.

¶ 14 Because Bishop was convicted of both intentional murder and armed robbery and because armed robbery is not a predicate offense for intentional murder, Bishop has failed to raise a meritorious claim of double jeopardy violation. As a result, we need not address Bishop's claimed error that his conviction and sentence are void rather than voidable and, thus, not subject to the two-year statute of limitations for a section 2-1401 petition.

¶ 15 The circuit court did not err in dismissing Bishop's section 2-1401 petition after the two-year statutory period (735 ILCS 5/2-1401(c) (West 2010)). We affirm the dismissal of Bishop's petition.

¶ 16 Affirmed.