2022 IL App (2d) 200753-U
No. 2-20-0753
Order filed June 21, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-1902 |
| MICHAEL J. KOCHAN, | ) ) ) | Honorable Ann Celine O. Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Bridges and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the denial of defendant's motion to correct his sentence because it had no substantial merit.

¶ 2    Defendant, Michael J. Kochan, appeals the judgment of the circuit court of Du Page County denying his pleading labeled as a motion for correction of sentence. He contends that the trial court violated his due-process rights when the court denied his motion following a hearing at which defendant was not present and a prosecutor spoke to the court about the merits of the motion without having filed an answer or a motion to dismiss. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On October 18, 2012, defendant was charged in a three-count indictment with various child-pornography offenses.

¶ 5    At a plea hearing on February 21, 2013, defendant entered an open plea of guilty to count II, which alleged aggravated child pornography, a Class 2 felony (720 ILCS 5/11-20.1B(a)(6), (c)(2) (West 2012)).[1]  The remaining counts were dismissed.  As part of the plea colloquy, the court told defendant that he was charged with aggravated child-pornography.  The charge alleged that on or about August 14, 2012, defendant, with knowledge of its nature, possessed a visual depiction of a child who he knew or reasonably should have known was under the age of 13.  The depiction showed the child actually or by simulation engaged in an act of sexual penetration with another person.  The court told defendant that the charge was a Class 2 felony, for which probation was available.  However, the court also noted that the charge carried a potential sentence in the Department of Corrections (DOC) of "three to seven years, followed by two years of mandatory supervised release [(MSR)]."  The court admonished defendant of the rights he was waiving, and the State presented a factual basis for the plea.  The court accepted the plea and set the case for sentencing.

¶ 6    At the sentencing hearing on May 22, 2013, the court placed defendant on 30 months of sex-offender probation including 364 days of periodic imprisonment.  The written sentencing order entered on May 22, 2013, states that defendant was being sentenced for "Child Pornography—

---

[1]The aggravated-child-pornography statute (720 ILCS 5/11-20.1B (West 2012)) was repealed on January 1, 2013, by Public Act 97-995 (eff. Jan. 1, 2013), after the offense dates in this case.  The substance of the aggravated-child-pornography offense was inserted into the child-pornography statute (see Pub. Act 97-995 (eff. Jan. 1, 2013) (adding 720 5/11-20.1(c-5)).

Possess Visual Reproduction on Computer in violation of 720 ILCS 5/11-20.1(a)(6)," which the order characterized as a Class 3 felony.

¶ 7        On June 24, 2014, the State petitioned to revoke defendant's probation. The State's petition alleged that defendant had violated his probation by (1) accessing the internet daily since his release from custody on May 22, 2014, and (2) failing to register, with the sheriff's office, a cell phone he was using.

¶ 8        At a hearing on July 15, 2014, the parties tendered to the court an agreement providing that defendant's probation would be revoked and he would be sentenced to four years' imprisonment followed by an MSR term of three years to life. He would receive credit for 625 days served.

¶ 9        The prosecutor stated her understanding that defendant had originally pleaded guilty to a Class 2 felony despite the May 22, 2013, sentencing order showing it as a Class 3 offense. She moved to amend the order accordingly. The court granted the motion without an objection from the defense.

¶ 10       The court admonished defendant as follows:

"I can resentence you as if it were on the original charge. In this case you could be resentenced to serve three to seven years in (the DOC), followed by a[n] (MSR) period of 3 years to life."

¶ 11       Defendant said that he understood. The court accepted defendant's admission to a probation violation, revoked his probation, and sentenced him to four years' imprisonment, followed by an MSR term of three years to life.

¶ 12       The written sentencing order of July 15, 2014, provided that defendant was being sentenced for "Child Pornography – Possess Visual Reproduction on Computer," in violation of "720 ILCS

5/11-20.1(a)(6)." At the top of the order, the offense is classified as a Class 3 felony, with a one-year MSR term. At the bottom of the order, however, is the following paragraph:

"The sentence orders shall reflect this is a Class 2 felony. Upon the Defendant[']s voluntary admission to the petition to revoke a violation is found. Defendant is resentenced to 4 years, 3-to[-]life MSR."

¶ 13    On December 11, 2014, defendant wrote a letter to the circuit court clerk's office requesting information about his case. He wrote that the DOC had informed him that he had "lifetime parole" and that it was "in the computer that way." He did not believe that he agreed to such a term when he accepted his plea bargain. He asked for copies of his sentencing agreement so he could "clear up this misunderstanding." In response, the clerk's office sent him copies of the May 22, 2013, and July 15, 2014, sentencing orders.

¶ 14    On October 1, 2020, defendant mailed from prison a *pro se* "Motion for: Correction of Sentence." The substance of the motion is as follows:

"On 07-15-2014 [defendant] was sentenced to four (4) years & 3 years to life (MSR) for Child Pornography-Possess Visual Reproduction on Computer, which is a Class 2 felony that carries a sentence time between 3 to 7 years & a 2[-] year (MSR) period.

In IL ST CH 730 §5/5-8-1(D)(2) [*sic*] it states that a Class 2 felony is subject to 2 years (MSR) except in offenses of manufacturing & dissemination of child pornography, however in [defendant's] case he neither manufactured or [*sic*] disseminated child pornography, he was only guilty of being in possession of a visual reproduction of child pornography.

In the case of [defendant], 3 years to life of (MSR) was an improper sentence & [defendant] is asking the court to correct his sentence to the appropriate period of 2 years of (MSR)."

The return address for defendant on the envelope was at the Robinson Correctional Center in Robinson, Illinois.

¶ 15     The clerk's office sent defendant a notice that his motion was set for a remote hearing on October 20, 2020.  The notice was sent to the address where defendant had previously lived with his fiancée's family.  The envelope, which appears in the common-law record, shows that the notice was returned undelivered.

¶ 16     The October 20, 2020, hearing commenced with only a prosecutor present.  Judge Fawell, who presided over the plea and sentencing proceeding, had retired. Judge Ann Celine O. Walsh presided over the case. The assistant state's attorney, who was also new to the case, stated that she had reviewed defendant's letter to the clerk, his DOC records, and the sentencing orders and opined that they included "a few contradictions."

¶ 17     The prosecutor noted that the second sentencing order (of July 15, 2014) referred to one year of MSR, which was incorrect, while DOC records showed that defendant's MSR term was three years to life.  The prosecutor believed that the statute for the offense in question had changed between 2012 and 2018.  The court commented that, if the law had changed, defendant would have the right to elect which statute should be applied.

¶ 18     The prosecutor responded that, if defendant had been admonished that his MSR term was only one year, then "the benefit goes to him," and case law on that issue "may end up being controlling for him to be able to be brought back and either readmonished or given the opportunity to withdraw his plea."   The prosecutor then told the court she just discovered that she had

overlooked the paragraph at the bottom of the July, 15, 2014, sentencing order stating that defendant's conviction was for a Class 2 felony and that he was being resentenced to four years' imprisonment with a three-years-to-life MSR term.

¶ 19    The court said it would order transcripts of the original plea and sentencing hearing and the resentencing hearing to review the admonishments given to defendant at the time of his plea. The court continued the case to November 30, 2020, for "status" on the transcripts. The court stated, "[T]hen we'll get a date after that to review them, and then we can writ the defendant in," in case he was still incarcerated.

¶ 20    The November 30, 2020, hearing commenced with, again, only the prosecutor present. The court noted that it had reviewed the transcripts as well as the 2012 statute. The court agreed with defendant, finding that he had pleaded to a Class 2 felony carrying a two-year MSR term. The court stated that it intended to correct the July 15, 2014, sentencing order to so reflect.

¶ 21    The prosecutor then remarked that she was "a little bit confused" because the July 15, 2014, order stated that defendant's offense was "Class 2 child pornography, not aggravated child pornography." The prosecutor stated:

> "Your Honor, as I look at the [s]tatute, aggravated child pornography, which is just child pornography or manufacturing of child pornography or dissemination, is three to life. So if it was not aggravated and manufacturing or possession, it's three to life; or if it's aggravated, it's three to life for the MSR."

¶ 22    The court passed the case for further review. When the case was recalled, the court told the prosecutor, "So you were right. So I stand corrected after a second review of it." The court noted that defendant was originally sentenced for aggravated child pornography. The court ruled that "defendant's request for correction of sentence is denied." The court directed the clerk to send

notice of its order to defendant at the Robinson Correctional Center, which apparently was done. Defendant filed a timely notice of appeal.

¶ 23    The case was called again on January 11, 2021, to address defendant's notice of appeal. The court noted that it had treated defendant's motion to correct his sentence "like a section 2-1401 [petition]" that claimed defendant's sentence was void. Thus, the court found, it had jurisdiction of the motion.

¶ 24                                    II. ANALYSIS

¶ 25    Defendant contends that the trial court proceedings violated his due-process rights. He argues that the trial court denied his motion following two hearings at which defendant was not present. He contends that he had no notice of the hearings at which the court discussed the case with a prosecutor. He further claims that the court's order denying his motion to correct his sentence did not indicate the court's reasoning, thus impairing his ability to file a motion to reconsider. Our review of the dismissal of a petition for relief from judgment is *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 26    The trial court treated defendant's motion to correct his sentence as a 2-1401 petition. Defendant acknowledges that, in *People v. Vincent*, 226 Ill. 2d 1 (2007), the supreme court held that a trial court may dismiss *sua sponte* a section 2-1401 petition "when it is clear on its face that the requesting party is not entitled to relief as a matter of law." *Id.* at 12. Such a procedure does not violate a defendant's right to be heard. *Id.* at 13. A party whose petition is dismissed by the court *sua sponte* retains avenues for relief, including filing a motion to reconsider or appealing. *Id.* Here, defendant did not avail himself of the former option. He did file an appeal, but he does not claim that the trial court's order was substantively incorrect.

¶ 27    In his motion to correct his sentence, defendant contended that he pleaded guilty on July 15, 2014, to child pornography, a Class 2 felony carrying a two-year MSR term.  He argued that, when he was resentenced, the court mistakenly imposed an MSR term of three years to life.  On appeal, however, he concedes that he pleaded guilty to aggravated child-pornography, a Class 2 felony that carries an MSR term of three years to life.  See 720 ILCS 5/20.1B(a)(6), (c)(2) (West 2012); 730 ILCS 5/5-8-1(d)(4) (West 2012).  Thus, defendant concedes that the claim he raised lacked merit.  Moreover, defendant does not claim that he could have saved that claim by amending the motion to, *e.g.*, add additional facts.  Instead, he contends that, had he been aware of the impending dismissal, he could have "amended" the pleading to state a different claim: that he was improperly admonished about the MSR term before his original guilty plea.

¶ 28    However, nothing about the proceedings prevented defendant from raising a claim that he was not properly advised of the MSR term when he initially pleaded guilty.  Defendant originally pleaded guilty in 2013.  He was resentenced in 2014 following a probation revocation.  Not until 2020 did he file his motion to correct his sentence.  If he was previously unaware of his improper MSR admonishment, it is difficult to understand how proper notice of the hearing on his motion to correct his sentence would have made him aware (although the prosecutor briefly noted during the October 20, 2020, hearing that defendant might have been improperly admonished).  For that matter, the denial of his motion to correct his sentence does not necessarily impair his ability to raise the admonishment claim in a new petition.  The State suggests this possibility, contending that the improper-admonishment claim would be more "suitable" for a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)).

¶ 29    We will not, of course, speculate on the merits of a hypothetical future pleading.  A petition raising such a claim would face substantial procedural hurdles, most of which existed before

defendant's motion to correct his sentence. He concedes, for example, that he did not move to withdraw his plea or reconsider the sentence on the ground that the sentence imposed did not comport with his understanding. Moreover, the motion was filed well beyond the limitations period for either a postconviction petition or a section 2-1401 petition. See 725 ILCS 5/122-1(c) (West 2020); 735 ILCS 5/2-1401(c) (West 2020). For its part, the State argues that defendant should not be allowed to amend his present pleading, because the admonishment claim would be more "suitable" for a postconviction petition. However, the State also incongruously contends that defendant forfeited the claim by failing to raise it in his motion. As noted, however, if and when defendant files a subsequent pleading, the trial court is the proper forum to decide such issues.

¶ 30 In *People v. Rucker*, 2018 IL App (2d) 150855, which defendant cites, the State filed a motion to dismiss the defendant's petition, but the trial court ruled without providing the defendant an opportunity to respond to the motion. We held that this procedure violated the defendant's due-process rights. *Id.* ¶ 30. Here, the State did not file a responsive pleading, and the trial court ruled correctly as a matter of law after independently reviewing the relevant statutes and examining the reports of proceedings.

¶ 31 The State denies that it "argued in opposition to" defendant's motion. The prosecutor's remarks at both the October 20, 2020, and the November 30, 2020, hearings merely called the court's attention to what the record showed. After reviewing the record, the trial court commented to the prosecutor, "So you were right," and denied the motion. The trial court's decision was substantively correct. Any error in allowing the State to comment on what the record showed was harmless where the objective record clearly demonstrated that defendant's motion had no substantive merit. By not filing an answer or motion to dismiss, the State conceded the truth of all

well-pleaded factual allegations and invited the court to decide the issue as a matter of law, which it did. See *Vincent*, 226 Ill. 2d at 8-9.

¶ 32    When deciding whether to summarily dismiss a postconviction petition, a trial court must do so *inops consilii,* that is, without input by the State or further pleadings from the petitioner. *People v. Novak*, 200 Ill. App. 3d 189, 190 (1990). Defendant cites no case imposing such a requirement when considering a section 2-1401 petition. *Vincent* made clear that the *sua sponte* denial or dismissal of such a petition is not a summary dismissal (*Vincent*, 226 Ill. 2d at 10-12). While the trial court, new to the case, may have used the prosecutor as a sounding board, defendant was not denied due process. The record reflects that, although the trial court listened to the prosecutor's comments, it was the trial court's independent review that resulted in the *sua sponte* dismissal.

¶ 33                                III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 35    Affirmed.