2024 IL App (1st) 221756-U

No. 1-22-1756

November 12, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 16925 |
| | ) | |
| POLICARPIO BARRAGAN, | ) | Honorable |
| | ) | Angela M. Petrone, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:   Denial of defendant's section 2-1401 petition for relief from judgment reversed and case remanded with directions where defendant raised a meritorious claim that his plea counsel was ineffective when counsel erroneously advised him that there would be no adverse consequences to pleading guilty and defendant is now subject to deportation based on his guilty plea.

¶ 2    Defendant Policarpio Barragan appeals from an order of the circuit court of Cook County denying his petition for relief from judgment filed under section 2-1401(c-5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(c-5) (West 2022)). On appeal, defendant contends the trial

court erred when it denied his petition because he raised a meritorious claim that his plea counsel was ineffective when counsel advised him during his 1999 guilty plea that the plea would have no adverse consequences on his future, and defendant is now subject to deportation. For the following reasons, we reverse the circuit court's denial of defendant's section 2-1401 petition and remand this case with directions.

¶ 3    In February 1998, defendant was charged with one count of possession of a controlled substance for possessing less than one gram of cocaine, a Class 4 felony (720 ILCS 570/402(c) (West 1998)). The circuit court's case summary shows that in August 1998 and again in February 1999, defendant filed a motion to quash arrest and a separate motion to suppress evidence. The record does not indicate that those motions were ever heard or ruled upon.

¶ 4    On April 28, 1999, defendant entered a fully negotiated guilty plea to the drug charge in exchange for a sentence of 24 months of first offender "410" probation, which included 30 hours of community service, a $50 lab fee, a $10 monthly probation fee, and random drug testing (720 ILCS 570/410 (West 1998)). At the plea hearing, defense counsel stated that defendant was employed full-time and that he had children he was supporting. The trial court advised defendant that the possible sentence he faced ranged from probation to a term of one to three years' imprisonment. The court further advised defendant that by pleading guilty, he was waiving his right to a jury trial. Defendant, through a Spanish interpreter, confirmed that he understood the sentencing range and that he was waiving his rights. He further confirmed that he was pleading guilty voluntarily.

¶ 5    The parties stipulated that the evidence at trial would show that on February 20, 1998, a Chicago police officer observed defendant sitting on a vehicle with the engine running, drinking a

can of beer. As the officer approached the vehicle, defendant tossed a dollar bill inside the vehicle. The officer recovered the dollar bill and found that it contained cocaine. Defendant could not produce a valid driver's license and was arrested. A forensic chemist determined that the dollar bill contained less than 0.1 gram of cocaine.

¶ 6    The trial court found that the factual basis supported the guilty plea and that defendant's plea was voluntary. The court sentenced defendant to the 410 probation and advised him of his appeal rights, including the need to file a motion to withdraw his guilty plea before he could appeal. The court then advised defendant as follows:

> "You were able to be placed on this kind of probation because you have a clean background, a clean criminal background, as you stand here. There were no convictions in your background so that qualifies you for this special kind of sentence.
>
> If you complete all of the conditions of this special probation, you will continue to have that clean background. And for someone as young as yourself with young children to not have a felony conviction in your background is a very, very big deal."

¶ 7    Defendant never moved to withdraw his guilty plea, nor did he attempt to otherwise appeal or challenge the judgment.

¶ 8    On April 25, 2001, the trial court satisfactorily terminated defendant's probation.

¶ 9    Twenty years later, on December 6, 2021, defendant, through counsel, filed the instant motion to vacate judgment under section 2-1401 of the Code, the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), Illinois Supreme Court Rules 604(d) (eff. July 1, 2006) and 402(a) (eff. July 1, 1997), and the United States Constitution, asking the court to vacate his 1999 conviction. Defendant alleged his plea counsel rendered ineffective assistance because

counsel "never advised him" that his guilty plea would subject him to deportation. Nor did the trial court advise him that his guilty plea subjected him to "certain deportation" or "other adverse consequences." Thus, defendant claimed his guilty plea was not knowingly, intelligently, and voluntarily made.

¶ 10 Defendant acknowledged that his motion to vacate was untimely. He asserted, however, that he was the "victim" of ineffective assistance of counsel, which was exacerbated by inadequate admonishments by the trial court, which caused him to suffer "extreme prejudice" by certain loss of his permanent resident status and deportation. Defendant claimed he thereby alleged "sufficient constitutional intrusions" that warranted relief.

¶ 11 Defendant stated that he had been a lawful permanent resident of the United States for over 28 years, was employed, and was the sole supporter for his family, including his 12-year-old son. He further stated that he had no encounters with the police since 1998. Defendant asserted that his plea counsel gave him "bad advice," and had he known that his guilty plea would subject him to deportation, he would have rejected the plea offer and proceeded with a jury trial, or attempted to negotiate an alternative plea.

¶ 12 Relying on *Padilla v. Kentucky*, 559 U.S. 356 (2010), defendant argued that his attorney's failure to advise him of the immigration consequences of his guilty plea constituted ineffective assistance. Defendant also pointed out that in *People v. Correa*, 108 Ill. 2d 541 (1985), the Illinois Supreme Court held that defense counsel is ineffective when counsel gives a defendant "erroneous advice" regarding a collateral consequence of a guilty plea. Defendant noted that *Correa* made a distinction between counsel passively failing to give advice about a collateral consequence of a guilty plea and actively giving wrong advice. See *Correa*, 108 Ill. 2d at 551-53. Defendant argued

that his plea counsel gave him erroneous advice when counsel incorrectly advised him that his guilty plea "would have no adverse consequence" if he successfully completed his probation.

¶ 13 Defendant attached his own affidavit to his petition in which he explained that he had recently gone to a naturalization assistance program where he was told that he could not apply for naturalization and was subject to deportation due to his guilty plea to the drug offense. Defendant immediately obtained the services of an attorney and filed the instant petition. Defendant averred, "I was lured into pleading guilty, when my attorney told me that I would be getting a type of probation which upon successful completion, would have absolutely no negative consequences on my [*sic*] me or my future."

¶ 14 Defendant further averred, "I was told by my attorney that if I successfully completed 1410 probation,[1] I would not have a conviction on my record, that my record would remain 'clean', and I would not be prejudiced in any way." Defendant stated that he was never informed by his plea counsel or the trial court that he would face deportation if he pled guilty. He maintained that he was innocent, would have never pled guilty, and would have persisted with his defenses and a jury trial if he had known the guilty plea would subject him to deportation.

¶ 15 Defendant also attached to his petition a copy of his permanent resident card, copies of his 2019 and 2020 federal income tax returns, a letter from his employer verifying his employment with the company for over 20 years, a letter of support from his church pastor, and the transcript from his plea hearing.

---

[1] First-time offender probation, referred to as "410 probation," was formerly known as "1410 probation" under the Illinois Revised Statutes. The record shows that the trial court used both terms interchangeably during the plea hearing. We use "410 probation" as that is the section of the Illinois Compiled Statutes under which defendant was sentenced. 720 ILCS 570/410 (West 1998)).

¶ 16 On June 1, 2022, the trial court stated that it had repeatedly requested the court file from the clerk of the circuit court and the clerk's office had failed to produce it. The State informed the court that, due to the age of the case, its case file had been destroyed pursuant to its records retention policy. The State and defense counsel asked the trial court for an "issues conference" to "discuss a proposed disposition for this case." The court immediately held the conference off the record. Thereafter, the court stated that the issues were straightforward, and it would enter a ruling on the next court date.

¶ 17 On June 17, 2022, the State informed the trial court that under section 2-1401(c-5), there was no statute of limitations for defendant to file a petition for relief from judgment where he pled guilty and was later subjected to federal immigration consequences based on the plea. Defense counsel confirmed that he was proceeding under only section 2-1401(c-5) and was no longer raising defendant's claim under the Post-Conviction Hearing Act or the supreme court rules.

¶ 18 The trial court stated that it was granting defendant's section 2-1401 petition and would supplement its oral ruling with a written order on the next court date. The court told the State that it was not required to file a pleading. The State replied that it was amenable to revesting the trial court with jurisdiction in this case, and defense counsel agreed. The State provided the trial court with a draft of a suggested order entitled "Agreed Order to Vacate Plea of Guilty and Sentence Imposed Thereon." The order stated that the trial court was revested with jurisdiction by agreement of the parties. The suggested order further stated that defendant's guilty plea and sentence were "**VACATED** based on a mutual mistake of fact by the parties in the prior proceeding. The People's motion of *nolle prosequi* is **GRANTED**." The trial court did not enter the suggested order.

¶ 19     On July 11, 2022, the trial court issued a written order denying defendant's section 2-1401 petition. The court found that it was revested with jurisdiction of the case by the agreement of both parties in accordance with *People v. Bailey*, 2014 IL 115459, ¶ 25. The court pointed out that in *Chaidez v. United States*, the Supreme Court held that the rule from *Padilla* requiring defense counsel to advise a defendant about the risk of deportation arising from a guilty plea was a new rule of law that did not apply retroactively to defendants whose convictions were final prior to *Padilla*. *Chaidez v. United States*, 568 U.S. 342 (2013). Therefore, because defendant's conviction was final on April 25, 2001, long before *Padilla* was decided on March 31, 2010, *Padilla* did not apply to defendant. The trial court's order did not address *People v. Correa*, 108 Ill. 2d 541 (1985), which was raised by the defendant and predated defendant's conviction. In *Correa*, our supreme court held that defense counsel's performance was deficient when counsel gives a defendant "erroneous advice" regarding a collateral consequence of a guilty plea. *Id*.

¶ 20     In addition, the trial court found that defendant did not claim he was innocent of the charge, nor did he present a plausible defense that could have been raised at trial. The court stated that defendant's bare allegation that, had he known about the immigration consequences, he would not have pled guilty and would have gone to trial was insufficient to establish prejudice for his ineffective assistance of counsel claim. The trial court noted that in *People v. Santos*, 2014 IL App (1st) 120944-U, this court reversed the trial court's granting of relief pursuant to a section 2-1401 petition under similar facts and circumstances. Consequently, the trial court declined to sign the agreed order to vacate defendant's conviction provided by the State and defense counsel and denied defendant's section 2-1401 petition.

¶ 21 The trial court, however, amended the April 25, 2001 probation termination order, *nunc pro tunc*, to specifically indicate that defendant was discharged from the case. The court also considered defendant's section 2-1401 petition as a request for expungement and granted him expungement of the case. The court noted that it had finally received the court's case file.

¶ 22 Defendant filed a timely motion to reconsider the judgment, arguing that the trial court incorrectly found that defendant had not asserted that he was innocent. He noted that in his affidavit attached to his section 2-1401 petition he expressly stated, "I pled not guilty, and I maintain my innocence to this day." He further asserted that the record showed he had filed a fourth amendment challenge of unlawful search and seizure. Defendant also stated that the expungement did not remove his conviction for immigration purposes and, thus, his guilty plea still subjected him to deportation and denial of his application for U.S. citizen naturalization.

¶ 23 The trial court denied the motion for reconsideration, finding that it raised the same issues defendant previously raised in his section 2-1401 petition. The court stated that it had granted defendant all the relief that was legally available. The court again stated that in *Santos*, this court reversed a judgment granting the same relief defendant was requesting in this case. The court stated that it could not enter a judgment it knew would be reversed on appeal.

¶ 24 On appeal, defendant contends the trial court erred when it denied his section 2-1401 petition because he raised a meritorious claim that plea counsel rendered ineffective assistance. Defendant maintains that counsel affirmatively misadvised him that his guilty plea would have "absolutely no negative consequences" on his future; however, he is now subject to "certain deportation" due to his conviction. Defendant argues that, if he had known about the immigration consequences, he would not have pled guilty and would have demanded a jury trial. He further

argues that, based on counsel's erroneous advice, his guilty plea was not knowingly and intelligent made, and his conviction should be vacated. Defendant also asserts that his ineffective assistance of counsel claim is cognizable in a section 2-1401 petition because he is statutorily barred from filing a postconviction petition under the Act.

¶ 25    The State responds that the trial court's dismissal of defendant's petition was proper because an ineffective assistance of counsel claim is not cognizable in a section 2-1401 petition. The State further argues that defendant's claim is without merit because the *Padilla* rule does not apply retroactively to defendant, whose conviction was final years before *Padilla* was decided. The State claims defendant did not allege that plea counsel affirmatively misadvised him that there would be no deportation consequences but, instead, alleged counsel failed to advise him of the deportation risk and, thus, *Correa* does not apply. Alternatively, the State argues that defendant's claim is without merit where he did not offer a plausible defense or show that rejecting the plea offer would have been rational under the circumstances. Thus, he did not establish prejudice.

¶ 26    In reply, defendant asserts that the State's arguments about deficiencies in his pleadings are forfeited on appeal because the State did not challenge his claim in the trial court and, instead, agreed defendant was entitled to relief. Defendant argues that, based on his claim that plea counsel misadvised him that his guilty plea would have no adverse consequences, it can be inferred that defendant asked counsel about all consequences of his plea, which include deportation, and counsel assured him there would be none. Defendant maintains he was prejudiced by counsel's erroneous advice where rejecting the plea offer would have been reasonable, and he does not need to show he had a plausible defense.

¶ 27    It is uncontested that defendant's 1999 conviction for possession of a controlled substance subjects him to deportation under the federal Deportable Aliens statute. See 8 U.S.C. § 1227(a)(2)(B)(i) (2024) (any alien who at any time after admission has been convicted of a violation of a state law relating to a controlled substance, other than a single offense of possessing 30 grams or less of marijuana for personal use, is deportable).

¶ 28    Section 2-1401 of the Code provides a comprehensive, statutory procedure that allows a trial court to vacate a final judgment after more than 30 days have passed. 735 ILCS 5/2-1401; *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Effective August 27, 2021, the legislature amended section 2-1401 by adding subsection (c-5) which states, "[a]ny individual may at any time file a petition and institute proceedings under this Section if his or her final order or judgment, which was entered based on a plea of guilty or *nolo contendere*, has potential consequences under federal immigration law." 735 ILCS 5/2-1401(c-5) (West 2022).

¶ 29    A section 2-1401 petition is not limited to raising factual challenges but may also be used to raise a legal challenge. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 41. Courts should liberally construe section 2-1401 and grant a petition for relief when necessary to achieve justice. *People v. Lawton*, 212 Ill. 2d 285, 298 (2004). Where the trial court denies a section 2-1401 petition without holding an evidentiary hearing, our review on appeal is *de novo*. *Vincent*, 226 Ill. 2d at 17-18.

¶ 30    As a threshold matter, we agree with defendant that the State waived its challenges to the legal and factual sufficiency of his section 2-1401 petition when it agreed below that he was entitled to the relief he requested. See *Vincent*, 226 Ill. 2d at 8-9. The record shows that the State drafted and presented to the trial court an agreed order to vacate defendant's guilty plea and

sentence "based on a mutual mistake of fact by the parties in the prior proceeding." The order stated, "[t]he People's motion of *nolle prosequi* is **GRANTED.**" Thus, rather than challenging the petition, the State elected to accept as true defendant's allegation that his plea counsel erroneously told him that, if he successfully completed his 410 probation, his record would remain "clean" with no conviction, and there would be "absolutely no negative consequences" to him in the future. Moreover, the State elected to dismiss defendant's case. Consequently, the State's arguments on appeal are forfeited. *Id.*

¶ 31    We therefore turn to our consideration of the trial court's denial of defendant's section 2-1401 petition under our *de novo* review. *Vincent*, 226 Ill. 2d at 17-18. Defendant alleged in his petition that his plea counsel was ineffective when counsel erroneously advised him that there would be no adverse consequences to his guilty plea, thereby rendering his plea involuntary. Our supreme court has held counsel's performance is deficient where counsel misinforms defendant that there would be no deportation consequence to a plea of guilty. *Correa*, 108 Ill. 2d at 553. Generally, a section 2-1401 proceeding is not the appropriate forum for a criminal defendant to raise an ineffective assistance of counsel claim. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). Instead, collateral challenges alleging such claims are usually raised in petitions filed under the Post-Conviction Hearing Act. *Lawton*, 212 Ill. 2d at 298.

¶ 32    Here, however, defendant had no standing to file a postconviction petition because he was not "imprisoned" when he raised his claim. See 725 ILCS 5/122-1(a) (West 2020). Under these circumstances, our supreme court has found that, based on the courts' obligation to protect federal constitutional rights, a defendant may raise a claim of ineffective assistance of counsel in a section 2-1401 petition where he has no other means for doing so. *Lawton*, 212 Ill. 2d at 301 (section 2-

1401 was proper mechanism for defendant challenging his commitment as a sexually dangerous person based on a claim of ineffective assistance of counsel).

¶ 33    Significantly, our legislature recently amended section 2-1401 by adding subsection (c-5) to allow proceedings under the statute specifically for the purpose of addressing claims involving immigration consequences arising from guilty pleas. 735 ILCS 5/2-1401(c-5). As in this case, claims involving immigration consequences following a guilty plea are frequently based on allegations of ineffective assistance of counsel for misadvising or failing to advise a defendant about those consequences. See, *e.g.*, *People v. Valdez*, 2016 IL 119860 (defendant moved to withdraw his guilty plea based on a claim of ineffective assistance of counsel alleging counsel failed to advise him of the immigration consequences of pleading guilty in violation of *Padilla*). For these reasons, we conclude that defendant's section 2-1401 petition was the proper means for him to raise his ineffective assistance of counsel claim.

¶ 34    Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Brown*, 2017 IL 121681, ¶ 25. To support a claim of ineffective assistance of plea counsel, defendant must demonstrate that (1) counsel's representation was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have gone to trial. *Id.* ¶¶ 25-26. A conclusory statement that defendant would not have pled guilty and would have demanded trial is insufficient to demonstrate he was prejudiced for an ineffective assistance claim. *Id.* ¶ 26 (citing *Valdez*, 2016 IL 119860, ¶ 29, and cases cited therein).

¶ 35    However, the standard required to establish prejudice for an ineffective assistance of plea counsel claim differs depending on the type of claim raised. See *Brown*, 2017 IL 121681, ¶¶ 40-

46. When an ineffective assistance claim is related to a defendant's defense strategy or his chance of acquittal, *i.e.*, his prospects at trial, the defendant must raise a claim of innocence or demonstrate that he had a plausible defense to establish prejudice. *Id.* ¶ 45. Conversely, when the ineffective assistance claim involves counsel's alleged failure to advise a defendant about the deportation consequences of pleading guilty, the defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." (Internal quotation marks omitted.) *Id.* ¶ 40 (citing *Valdez*, 2016 IL 119860, ¶ 29 (quoting *Padilla*, 559 U.S. at 372)). Under the second standard, which applies in this case, a court must consider the relevant circumstances surrounding the guilty plea to assess prejudice. *Brown*, 2017 IL 121681, ¶¶ 48-49.

¶ 36    Here, the record reveals that the trial court applied the wrong standard when it denied defendant's section 2-1401 petition and his motion to reconsider the denial. Relying on our unpublished order in *Santos*, 2014 IL App (1st) 120944-U, the trial court found that defendant failed to raise a claim of innocence or a plausible defense. *Santos*, however, relied on the standard applied in *People v. Hall*, 217 Ill. 2d 324, 335-36 (2005), which involved counsel's allegedly erroneous advice that the defendant had no defense to the charged offense. *Santos* predated our supreme court's decisions in *Valdez* and *Brown*, which applied the standard requiring a showing that the decision to reject the plea bargain was rational under the circumstances. In *Brown*, the supreme court expressly stated that the standard in *Hall* was inapplicable to ineffectiveness claims involving the consequences of a guilty plea. *Brown*, 2017 IL 121681, ¶¶ 45-46.

¶ 37    Applying the proper standard, we find that defendant's section 2-1401 petition and affidavit sufficiently showed that a decision to reject the plea bargain would have been rational under the circumstances. Contrary to the trial court's finding, defendant did, in fact, assert in his petition, "I

pled not guilty, and I maintain my innocence to this day." Defendant stated that his plea counsel told him that if he successfully completed his 410 probation, he would not have a conviction on his record and there would be "absolutely no negative consequences" in his future. Defendant further stated that he "forewent my defenses to the charges against me." Defendant's statement is supported by the record where the trial court's case summary shows that in August 1998 and again in February 1999, defendant filed a motion to quash arrest and a separate motion to suppress evidence. There is no indication in the record that the trial court heard or ruled upon those motions prior to the guilty plea. Thus, had defendant known he was facing deportation, he could have rationally rejected the plea offer and proceeded with his motions in the hopes that one or both of them would have been granted.

¶ 38     Defendant also stated in his petition that he had been a lawful permanent resident of the United States since September 1993, more than five and a half years prior to pleading guilty. At the plea hearing, plea counsel stated that defendant was employed full time and that he had children he was supporting. Therefore, it would not have been irrational for defendant to reject the plea offer and take a chance of success at trial, even if remote, to avoid deportation where he had strong connections to the United States and the consequence of taking a chance at trial would not have been harsher than pleading guilty. See *Brown*, 2017 IL 121681, ¶¶ 36, 39 (discussing a similar finding in *Lee v. United States*, 582 U.S. 357, 369-71 (2017)).

¶ 39     Defendant's claim that he would not have accepted the plea had he known it would lead to deportation is supported by the record. Accordingly, we conclude that defendant demonstrated a reasonable probability that, but for his plea counsel's erroneous advice, he would not have pled guilty and would have insisted on going to trial.

¶ 40    In reaching this conclusion, we note that defendant's claim of ineffective assistance of plea counsel was not based on counsel passively failing to give him advice. Instead, it was based on counsel making an affirmative erroneous statement that defendant would suffer no adverse consequences in the future if he successfully completed his 410 probation. Hence, pursuant to *Correa*, defendant's guilty plea was not intelligently, knowingly, and voluntarily made. *Correa*, 108 Ill. 2d at 553.

¶ 41    Procedurally, this case presents us with extremely unusual circumstances. The State and defendant already agreed to vacate defendant's guilty plea "based on a mutual mistake of fact by the parties in the prior proceeding." The State already destroyed its case file and moved to *nolle-pros* the case. The trial court orally granted defendant's section 2-1401 petition but then subsequently denied it in a written order. And the trial court granted defendant expungement of the case.

¶ 42    Under Illinois Supreme Court Rule 366(a)(5) (eff Feb. 1, 1994), the reviewing court is empowered to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the enforcement of a judgment, that the case may require." In light of the above, we reverse the trial court's denial of defendant's section 2-1401 petition and remand the case with directions to vacate defendant's guilty plea and allow the State to *nolle pros* the case.

¶ 43    Reversed and remanded with directions.